JAMES R. WRIGHT, Respondent, *v.* GUILLAUME REUSENS, Appellant.

The parties entered into a contract by which plaintiff agreed to perform the work and furnish the materials in making certain repairs and alterations upon defendant's house, for a sum specified, which the contract stated was to be paid in installments, each of a specified amount,. "provided that in each case the architect shall certify in writing that all the work, upon the performance of which the payment is to become due, has been done to his satisfaction." The date when the contract was to be completed was stated, but neither the time when, nor the contingency upon which the several installments became due, was expressly stated, except that the last was to be paid at the date specified for the completion of the contract, if it was then fully performed. In an action to recover for the work done and materials furnished, *held,* that the installments became due, respectively, when such proportion of the work was performed as the particular installment bore to the whole contract price.

The contract contained a provision authorizing defendant to terminate it in case the architect should certify that plaintiff had neglected or refused to perform. The contract was not completed within the time specified, and the architect having made the certificate, defendant notified plaintiff thereof, and that he proposed to complete the work himself. It appeared that after plaintiff had so far performed as to entitle him to the payment of the first two installments, defendant paid a portion thereof, but refused to pay the balance, claiming them not to be due until the completion of the work, and the architect refused to give a certificate that they were due. The referee found that these refusals were unreasonable, that thereby plaintiff was greatly impeded and delayed in the performance of the work, and that the failure to complete performance within the time

stipulated was attributable to such refusal.   *Held,* that defendant, having-failed to perform on his part, was not in a position to terminate the contract; that plaintiff's failure was excused and he was entitled to recover the value of the work done and materials furnished.

The referee, without consent, reserved his decision upon certain objections by defendant's counsel to evidence offered by plaintiff, and upon a motion to strike out the evidence, *held,* that as the questions thus reserved related to evidence wholly immaterial, it was not a ground for reversal.

It is within the discretion of a referee to reopen a case and to allow a party to give evidence in chief, and so, his decision thereon is not reviewable here.

(Argued April 20, 1892; decided May 24, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 14, 1891, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Michael H. Cardozo* for appellant.   The referee's construction of the contract of August 17, 1888, is wholly erroneous. (Langdell on Cont. § 128.)   When a party agrees that work shall be completed to the satisfaction of a third person, he must aver and prove that the work was so completed.   (*Smith* v. *Brady,* 17 N. Y. 173; *Smith* v. *Alker,* 102 id. 87; *Sweet* v. *Morrison,* 116 id. 19; *Martin* v. *Leggett,* 4 E. D. Smith, 255; *Barton* v. *Hermann,* 11 Abb. Pr. [N. S.] 378; *Butler* v. *Tucker,* 24 Wend. 447; *Smith* v. *Briggs,* 3 Den. 73; *Adams* v. *Mayor, etc.,* 4 Duer, 295; *Haden* v. *Coleman,* 73 N. Y. 567; *D. & H. C. Co.* v. *P. C. Co.,* 50 id. 250; *Dermott* v. *Jones,* 2 Wall. 1; *Nolan* v. *Whitney,* 88 N. Y. 648; *Thomas* v. *Fleury,* 26 id. 26.)   The admission by the referee of the conversations between the architect and the plaintiff as to the making of a new contract in January, 1889, was error. (*Glacius* v. *Black,* 50 N. Y. 145; *Woodruff* v. *R. & P. R. R. Co.,* 108 id. 39; *Dillon* v. *City of Syracuse,* 9 N. Y. Supp. 98; *Tumbridge* v. *Read,* 3 id. 908.)   The persistent and continued reserving by the referee of his decision upon the admis-

sibility of evidence and upon motions made during the trial was prejudicial error. (*Lathrop* v. *Bramhall*, 64 N. Y. 365; 5 T. & C. 680.) The admission by the referee of more than a hundred printed pages of so-called rebutting testimony was error. (*Marshall* v. *Davies*, 78 N. Y. 414.)

*Silas J. Owens* for respondent. It is in the province and power of a trial judge or referee to determine the credibility of witnesses examined before him on the trial where there are contradictions, and to make his findings of fact thereupon and to so relate them in his report to the Supreme Court; and when such findings of fact are sustained by the General Term, and there is evidence to sustain them, they are conclusive upon the Court of Appeals. (*Derham* v. *Lee*, 87 N. Y. 599; *Finch* v. *Parker*, 49 id. 1; *McDonalds* v. *Titus*, 57 id. 655; *Woodruff* v. *Valentine*, Id. 633; *Quincy* v. *White*, 63 id. 370, 375.) The Court of Appeals has no more power to review a question of fact in an equity suit than in an action of law. (*Haight* v. *Williams*, 46 N. Y. 683; *Stillwell* v. *M. L. Ins. Co.*, 72 id. 385; *Barker* v. *White*, 58 id. 206; *Pain* v. *Jones*, 75 id. 593.) To sustain an exception to the refusal of the referee to find certain facts, it must be made to appear not only evidence was given proving the fact or facts, but there was no evidence tending to contrary conclusions. (*Andrews* v. *Raymond*, 58 N. Y. 676; *Steward* v. *Morse*, 79 id. 629; *Caswell* v. *Davis*, 58 id. 223; *Van Slyck* v. *Hyatt*, 46 id. 259; *Rogers* v. *Wheeler*, 52 id. 262.) Every presumption is in favor of the correctness of findings of fact by a court or referee, especially when it appears all the evidence given on the trial is not contained in the record. (*Merrill* v. *Calkins*, 74 N. Y. 1, 4, 5.) Knowledge of the agent is the knowledge of the principal, and notice to the agent of matters within the scope of his agency is notice to the principal. (*Bennett* v. *Buchan*, 76 N. Y. 387; *Weed* v. *P. R. R. Co.*, 17 id. 362; *N. L. Ins. Co.* v. *Minch*, 53 id. 144; *Hathway* v. *Johnson*, 55 id. 93; *Coykendall* v. *Constable*, 99 id. 309, 314.) The referee was justified in his conclusions that the several partial payments by installment was

to be severally paid as the work progressed in the fractional part that payment bore to the entire sum of $5,544.50, to be paid for the work. (*Russell* v. *Allerton*, 108 N. Y. 288, 289; *D. S. B. Co.* v. *Gardner*, 101 id. 387–390; *Nolan* v. *Whitney*, 88 id. 648, 650; *B. N. Bank* v. *Mayor, etc.*, 63 id. 336, 341; 101 id. 387, 390; 47 id. 475, 476; *Missell* v. *M. L. Ins. Co.*, 76 id. 115, 119; *Thomas* v. *Fleury*, 26 id. 26; *Kingsley* v. *City of Brooklyn*, 78 id. 200, 216; *McMahon* v. *N. Y. & E. R. R. Co.*, 20 id. 466, 467; *Clark* v. *Mayor, etc.*, 4 id. 338–343; *Dillon* v. *Anderson*, 43 id. 231, 237; *Jones* v. *Judd*, 4 id. 411–414; *Lawson* v. *Hogan*, 93 id. 39, 44.) A party seeking to uphold the report of a referee is entitled to the benefit not only of facts found by the referee but also to all such facts as the evidence tended to prove and as the referee might have found in his favor. (42 N. Y. 432, 435; 55 id. 165; 45 id. 175, 179; 94 id. 508; 22 id. 323; *Lawson* v. *Hogan*, 93 id. 39; *Davison* v. *New Jersey*, 71 id. 333.) When the performance by one party is prevented by the acts of the other party, his, plaintiff's performance, is excused. (*Kingsley* v. *City of Brooklyn*, 78 N. Y. 200.) A contract obtained by fraudulent means though perfect in form, is void at law. (*Mead* v. *Bunn*, 32 N. Y. 275; *Blossom* v. *Barnett*, 37 id. 434, 435, 436.) Parol evidence is always admissible to show fraud and deceit. (*Hall* v. *Irving*, 66 N. Y. 649.) Any evidence is material which directly tends to support the issues raised by the pleadings. (*Scholey* v. *Mumford*, 64 N. Y. 521, 523.) It is incumbent upon the party seeking a reversal of judgment to show affirmatively that an error was committed to his prejudice. (*Tracy* v. *Atmyer*, 46 N. Y. 598; *E. C. F. Co.* v. *Hersee*, 103 id. 25.)

*Cyrus William Horton* for respondent. The plaintiff is entitled to enforce a mechanic's lien for the work done *quantum meruit*. (*Clark* v. *Mayor, etc.*, 4 N. Y. 388; *Jones* v. *Judd*, Id. 412; *Flack* v. *Vil. of Green Island*, 122 id. 107; *Aldridge* v. *Aldridge*, 120 id. 614; *Halpin* v. *P. Ins. Co.*, 118 id. 165; *Baldwin* v. *Doying*, 114 id. 452; *Quinsey*

v. *White*, 68 id. 370; *Demarest* v. *Harde*, 20 J. & S. 398; *Thomas* v. *Fleury*, 26 N. Y. 26; *B. N. Bank* v. *Mayor, etc.*, 63 id. 336; *Doll* v. *Noble*, 116 id. 232; *Vought* v. *Williams*, 120 id. 256; *Gibbons* v. *Russell*, 37 N. Y. S. R. 402; *City of Brooklyn* v. *B. C. R. R. Co.*, 47 N. Y. 475; *Dodge* v. *Zimer*, 110 id. 48; *Smith* v. *Brady*, 17 id. 190; *White* v. *Hoyt*, 73 id. 505; *Barlow* v. *Scott*, 24 id. 40; *Jallcott* v. *Arnold*, 61 id. 616; *Halpin* v. *Ins. Co.*, 120 id. 73.) Appellant waived the time provisions of the contract by permitting plaintiff to continue the performance after December 1, 1888. (*Lawson* v. *Hogan*, 93 N. Y. 39; *Dunn* v. *Stenbin*, 120 id. 232; *Close* v. *Clark*, 9 N. Y. Supp. 638; *Gallagher* v. *Nichols*, 60 N. Y. 438, 448.)

O'BRIEN, J. The plaintiff in this case has recovered a judgment against the defendant for the value of his work and materials in altering and repairing a building, and the amount has been declared to be a lien, under the statute, against the premises on which the building stands. The form of the action was such as is usual in the foreclosure of a mechanic's lien. The complaint sets out a contract between the parties, and avers in substance that the plaintiff was prevented or excused from performance by reason of certain acts of the defendant. The referee has found that in August, 1888, the plaintiff and defendant entered into a contract, in writing, whereby the plaintiff agreed to perform the labor and furnish materials in making certain repairs, additions and alterations in and upon a dwelling-house on the plaintiff's premises, according to plans and specifications, for the sum of $5,544.50. The plaintiff entered upon the performance of this contract, and actually continued to work under it until discharged by the defendant, but the work contemplated was never completed by the plaintiff. The most important question in the case is the proper construction to be given to this contract. By its terms it was to be performed on or before December 1, 1888. It was also provided that in case the architect, who was, by the provisions of the contract, to see to its perform-

ance in all details and particulars, should certify to the defendant that the plaintiff had neglected, failed or refused to perform, that then the defendant might terminate the employment of the contractor and employ others to finish the work and furnish the materials, and in that case the contractor should not be entitled to any compensation for what he had done under the contract, except to the extent of any balance of the contract price that might remain after paying for the work and materials expended by the defendant after such termination; and if the cost of completing the work after the owner had elected to terminate the contract should exceed the balance of the contract price remaining in his hands, then the contractor was bound to make good to the owner such excess.

On the 7th of January, 1889, the architect named in the contract delivered to the defendant a certificate in which was stated that the plaintiff had refused, neglected and failed to comply with the terms of the contract, and that sufficient ground existed for terminating the employment of the plaintiff, and for employing other persons to finish the work contemplated by the contract and furnish the materials therefor. On the following day the defendant notified the plaintiff in writing that he had been furnished with such certificate, reciting its contents, and that he elected to terminate plaintiff's employment under the contract, and that he proposed to complete the work himself, or cause it to be completed. That the work contemplated by the contract was not completed when this notice was served is admitted. But the referee has found that the failure of the plaintiff to perform the contract within the time stipulated is attributable to the refusal of the defendant to pay the installments of the contract price when they became due. This proposition is deduced from another finding to the effect that prior to December 1, 1888, the date when the contract was to be performed, the plaintiff had so far made performance as to entitle him to be paid the first two installments of the contract price, amounting to $2,500, and that he had been paid but $1,500.

That the architect unreasonably refused to make and deliver

to the plaintiff a certificate that the amount was due and payable under the contract, and that the defendant unreasonably refused to pay the same to the plaintiff, and that such wrongful action on the part of the architect and the defendant greatly impeded and delayed the plaintiff in the prosecution of the work. These findings, so far as they embrace and relate to matters of fact, were made by the referee upon evidence which was very conflicting and, therefore, conclusive upon this court, as it cannot fairly be urged that they are wholly unsupported by proof. But when and in what manner the contract price was payable depends upon the construction of the contract itself and presents a question of law. The contention of the defendant's counsel is that as there was no time specified in the contract for the payment of the price, it was not payable until the work was completed, or not at least until the certificate of the architect was furnished that it was due and payable. The contract was evidently written upon a printed blank form in use for that purpose, and neither the time when, nor the contingency upon which the several installments became due was distinctly expressed. But between the date of the contract in August and the time for its completion on December first the whole price was to be paid in four separate installments, two of one thousand dollars each, one of fifteen hundred dollars, one of seventeen hundred and forty-four dollars and fifty cents, and the balance of three hundred dollars to be paid on December first if the contract was fully completed on that day, "provided that in each case the architect shall certify in writing *that all the work upon the performance of which the payment is to become due* has been done to his satisfaction." It was further provided that in case any mechanic's lien, chargeable to the contractor, was filed which bound the land of the owner then the defendant should have the right to retain from "any payment then *due* or thereafter to become *due*" an amount sufficient to discharge the same. It is quite evident that the parties intended that the installments should become due at different dates intermediate the date and the completion of the contract. To assent to the construction contended for by

the defendant would make the contract unreasonable and place the plaintiff entirely at the mercy of the defendant and the architect, and such a construction should be avoided when the general scope of the instrument and the terms used by the parties fairly permit a more just and reasonable interpretation. (*Russell* v. *Allerton*, 108 N. Y. 288.)

The referee held that by the payment clause the parties intended that each payment should become due when such proportion of the work was performed as the particular installment bore to the whole contract price. The $1,500 paid on the contract by the defendant seems to have been certified by the architect and paid upon this principle. Both parties understood that the plaintiff would, as the work progressed, require money to pay laborers and mechanics and to purchase materials and it was for this reason that the contract price was made payable in sums, as the progress of the work might demand on the one hand and justify on the other. The construction which the referee put upon this provision of the contract is just and reasonable and in accordance with what the parties themselves must have intended. (*White* v. *Hoyt*, 73 N. Y. 505; *Halpin* v. *Ins. Co. of N. A.*, 120 id. 73; *Tullcott* v. *Arnold*, 61 id. 616; *Barlow* v. *Scott*, 24 id. 40.)

It follows that the defendant did not perform his part of the contract and was not in a position to terminate the contract by the discharge of the plaintiffs. If, as the referee has found, performance by the plaintiff was prevented by the default of the defendant in making the payments according to the terms and meaning of the contract, then the failure of the plaintiff to have the work completed at the time named is excused. (*Kingsley* v. *City of Brooklyn*, 78 N. Y. 200.)

When the employer under such circumstances terminates the contract and arrests its performance, the contractor may recover in a proper action the value of the work performed and the materials furnished. (*Clark* v. *Mayor, etc.*, 4 N. Y. 338; *Jones* v. *Judd*, Id. 412–414; *Dillon* v. *Anderson*, 43 id. 237; *Lawson* v. *Hogan*, 93 id. 39.)

Whether the refusal of the architect to give the plaintiff the

certificate, upon which by the terms of the contract the payments were to be made from time to time as the work progressed, was or was not unreasonable, became in this case a question of fact depending upon the amount of work done and the finding concludes us on that question. The contract having been waived by the plaintiff and a recovery sought upon a *quantum meruit*, the question of the value of the work done and materials furnished must, in this court, be deemed settled by findings of the referee upon conflicting evidence.

The learned counsel for the defendant urges that the judgment should be reversed on account of numerous rulings made by the referee in the course of the trial and to which exceptions were taken. It would be difficult to sustain all the rulings to which our attention has been called, if they were material to the real issues in the case or could have prejudiced the defendant. The referee without consent reserved his decision upon certain objections made by defendant's counsel to evidence offered and upon motion to strike it from the case. In fact these questions were reserved against the objection of the defendant's counsel. Ordinarily such rulings furnish ground for reversal, unless the questions reserved are immaterial or of such a character that if decided against the party raising them, the decision would constitute no sufficient ground of error. (*Sharpe* v. *Freeman*, 45 N. Y. 804; *Lathrop* v. *Bramhall*, 64 id. 365.) The questions thus reserved related to evidence that was wholly immaterial. It seems that the architect and the plaintiff met about the first of January and but a few days before the notice terminating the contract was served, and there was some proof that they had an understanding that thereafter payments were to be made weekly, but that the plaintiff should go on with the work. It was claimed that the architect had no power to bind the defendant by such an arrangement. Assuming that he had not, it is apparent that the conversation played no part whatever in the legal controversy. The plaintiff recovered, not upon or by reason of any verbal arrangement made between himself and the architect,

but in the absence of any contract, except such as the law implies from the rendition of the services. If this proof showed any unauthorized arrangement between them, outside the written agreement, it certainly was never acted upon and was followed by the notice that the defendant elected to terminate the contract. Conversations between the contractor and the architect, who is put in charge of the work, are generally admissible in evidence in actions against the owner for the price of the work. He is the agent of the owner and his directions in regard to the manner of doing the work and as to the materials to be used, and in many other respects may become admissible in evidence. This conversation between the plaintiff and the architect was wholly immaterial, as it was not claimed that the contract was modified or extended, but that the failure to perform was chargeable to the defendant. It could have no effect whatever upon the result. The recovery was for the value of the plaintiff's services, and he took nothing and could not possibly take anything by any arrangement between himself and the architect as to different periods of payment from that prescribed in the contract.

The referee permitted the plaintiff, after his case was closed and after the defendant had rested, to reopen the case and to give testimony in chief, and various objections were made and exceptions taken on this ground.

That was a matter wholly in the discretion of the referee, and is not the subject of review here.

Many of the exceptions referred to related to the value, quality and actual expense of the work on the building by persons employed by the defendant after he had given the notice terminating the contract. These questions were not material. They would have been, as a basis for damages against the plaintiff, had he abandoned the contract or failed to perform it without sufficient excuse. But in an action where the contract has been terminated by the owner wrongfully, and where the contractor thus prevented from performing, waives the contract and seeks to recover the value of the work done and materials furnished, it is of no consequence

whether the owner has expended in finishing the job more or less.

When the fact is found on sufficient evidence that his default in making payments prevented performance, and that he wrongfully terminated the contract, the cost of subsequently completing the work has no bearing upon the right of the contractor to recover the value of what he may have done under the contract. Aside from the construction of the contract in regard to the time of payment the case turned upon the decision of questions of fact, and while the referee would have been warranted in taking another view of the evidence in some respects, yet none of the findings are wholly unsustained. It was a case for deciding upon the credibility of witnesses, and the weight and effect of evidence, questions peculiarly within the province of a trial court.

On the whole we are of opinion that the record does not disclose any error that requires or would justify a reversal of the decision of the referee.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.