# Cases

# THIRD DEPARTMENT

AT

# GENERAL TERM,

## May, 1894.

CHARLES W. LITTLE, Respondent, *v.* A. BLEECKER BANKS, Appellant.

*Construction of a contract — when the fact that it leads to ruinous consequences may be considered — Code of Civil Procedure, section 211 — time within which a contract is to be performed.*

If a contract, by a fair construction, leads to ruinous consequences, it is not the province of the court to intervene to save a party from the serious results which may follow from it; but when the construction is doubtful and the real intention of the parties obscure, that fact may be taken into consideration in endeavoring to arrive at the meaning and intent of the contracting parties.

The State officers who are empowered by section 211 of the Code of Civil Procedure to make a contract for the publication of the Court of Appeals Reports, act, in making such contract, under special and limited authority conferred on them, whereby their power to contract is limited to three years from the expiration of the time specified for that purpose in the last contract.

Where the time of performance of a contract is not in terms specified therein, the law interprets the contract to demand performance within a reasonable time.

A contract entered into on the 12th day of December, 1877, between the State of New York and a firm of publishers for the publication of the Court of Appeals Reports provided as follows: "The said party of the second part further agrees that he will, after publication of any volume of said reports, in pursuance of this contract, keep the same on hand for open and public sale, and will sell and deliver the same to any and all person or persons desiring to purchase, at and for the price of forty-eight cents per copy for each and every volume."

*Held,* that such contract required such firm to print, bind and keep on hand for sale at its store, such books as the State Reporter provided such firm with the materials to make, during the period of three years therein specified, and for such reasonable time thereafter as was required to finish the books in process

of completion at the expiration of such three years, and to dispose of them, or to give the public a reasonable time after the completion of such unfinished volumes to obtain them under the favorable terms of the contract.

APPEAL by the defendant, A. Bleecker Banks, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 2d day of June, 1893, upon the verdict of a jury rendered after a trial at the Albany Circuit, and also from an order entered in said clerk's office on the 2d day of June, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Rosendale & Hessberg* for the appellant.

*Mills & Bridge* for the respondent.

MAYHAM, P. J. :

This action was brought and prosecuted by the plaintiff to recover damages of the defendant for an alleged breach of a contract in writing, made and entered into between the defendant and the State of New York, represented by the State Reporter, Secretary of State and Comptroller, for publishing the reports of the decisions of the Court of Appeals for three years from December 14, 1877. The contract was made by virtue of the provisions of chapter 448 of Laws of 1876, as amended by chapter 422 of the Laws of 1877. (Code Civ. Proc. § 211.)

This section, after conferring upon these State officers the power and authority to make contracts for the publication of the reports of the opinions of the Court of Appeals, prescribing generally the kind of publication and the maximum price at which the volumes may be sold, contains this provision as to the terms of the contract : " Each contract so entered into must provide for the publication of the reports for three years from the expiration of the time specified for that purpose in the last contract."

The next section provides that " neither the State Reporter or any other person shall obtain a copyright for the opinions contained in the reports, and the same may be published by any person."

On the 12th day of December, 1877, the defendant entered into a contract with these State officers. The principal contention on this appeal is as to the liability of the defendant for a failure to comply

with the demand of the plaintiff, made at the defendant's law-book store in Albany, for the delivery to the plaintiff of certain volumes of the Court of Appeals Reports, published by the defendant under this contract, the delivery of which was demanded by the agent of the plaintiff of defendant's agent on ten different days between the 31st of July and the 12th of August, 1890.

For failure to comply with these demands the plaintiff recovers of the defendant $1,000, being the liquidated damage of $100 for each of the ten refusals. The provisions of this contract under which this recovery is sought to be upheld read as follows: " The said party of the second part further agrees that he will, after publication of any volume of said reports, in pursuance of this contract, keep the same on hand for open and public sale, and will sell and deliver the same to any and all person or persons desiring to purchase, at and for the price of forty-eight cents per copy for each and every volume, at one or more of the regular law-book stores in the city of Albany, and also in one or more of the regular law-book stores in the city of New York, and that the same will be simultaneously placed on sale in each of said law-book stores, and also, that he will sell and supply at the designated book stores in Albany at the contract price to any and all other law-book sellers, such number of copies of each volume as they shall apply for, said party of the second part, however, not being required to deliver more than two hundred copies of any one volume to any one applicant or firm at one time, or within ten days after the delivery of that number of copies."

The contract further provides that for a breach of any of the terms of the contract the defendant shall forfeit and pay to the People of the State the sum of $5,000, as stipulated and liquidated damages, to be recovered by the Attorney-General, or under his direction, and it further provides as follows: " And it is further agreed that for any failure on the part of the party of the second part to keep on sale, furnish and deliver the aforesaid volumes or any of them at the price, and as hereinabove provided, the said party of the second part shall forfeit and pay for any and every such failure the sum of one hundred dollars, hereby fixed and agreed upon, not as a penalty, but as the liquidated damages suffered

by the person or persons aggrieved thereby, the same to be sued for and recovered by the person or persons so aggrieved."

It is insisted on the part of the defendant that the provisions of the contract above quoted are limited as to time, both by the statute under which the contract was authorized to be entered into, and by the terms of the contract itself, to the three years' limitation in the contract, and that no obligation was imposed thereby after a lapse of more than nine years after the contract had expired by its own limitation.

The language of the provisions of the contract relied upon by the defendant to support his contention is as follows: "That it is hereby agreed on the part of said parties of the first part that the said party of the second part shall have the publication of said reports for the term of three years from and after December 14, 1877, to be prepared, and as prepared by and under the direction of the State Reporter. This contract, however, not to include volumes 67 & 68 of said reports now partly in print."

The volumes of the reports demanded by the plaintiff, and for a failure to deliver which this action was brought, were Nos. 77, 78, 79 and 80, which were published by the defendant during the three years mentioned in the contract. It cannot be, and is not, contended that this contract authorized or permitted the defendant to publish the reports after the expiration of the three years' limit fixed by that instrument.

But it is contended that the three years' limitation related only to the time of publication and not to the time for which the defendant contracted to sell, and that the provision requiring him to keep the volumes published by him on sale was still operative and in force at the time of the demand of the books by the plaintiff. This is a question of vital importance in this case and one not easy of solution.

It reaches not only to forfeitures to individuals who are refused their books on demand, but if such refusal is a violation of the contract for which an individual action will lie the same violation would each authorize an action in behalf of the State by the Attorney-General to recover $5,000 forfeiture to the State in each case. If, therefore, the defendant in this case is liable to the plaintiff for ten violations of the contract, he would be, for the same reason, lia-

ble to ten forfeitures to the State of $5,000 each. If, however, this contract by a fair construction leads to such ruinous consequences it is not the province of the court to intervene to save a party from the result of improvident contracts or the serious consequences which may follow from their breach; but when the construction is doubtful and the real intention of the parties obscure, that fact may be taken into consideration in endeavoring to arrive at the meaning and intent of the contracting parties.

The State officers who were empowered by the Legislature to make this contract acted under special and limited authority conferred on them by the statute under which they were appointed and empowered to act. It expressly limited their power to contract to three years from the expiration of the time specified for that purpose in the last contract. Acting upon that authority, the contract made by these officers for this work, by its terms terminated on the 14th of December, 1877, three years from the time of its date. That contract was succeeded by the one in suit, dated on the 14th of December, 1877, the first recital in which was that " the existing contract for the publication of the reports of the decisions of the Court of Appeals, known as the New York Reports, expired December 14, 1877, save as to two volumes then partly in print."

This contract was succeeded by one made by the same officers, dated December 14, 1880, and starting with the following recital: " Whereas, the existing contract for the publication of the reports of the decisions of the Court of Appeals, known as the New York Reports, expired December 14, 1880, save two volumes then partially in print," etc.

Thus it will be seen that by the successive action of these State officers, they regarded their power to contract in any case as limited by the statute to three years, and at the end of that period, and on making a new contract for the next period of three years, they declare that the previous contract " has expired." Can it be successfully maintained that if the contract has expired, so that its obligations cease to bind one of the contracting parties, that the other party remains bound without any direct provisions extending its obligations to him ?

Both the State, through its officers, and the defendant seem to have treated this contract as having expired by its own limitations

long before the plaintiff made this demand for the delivery of these books, the State by having entered into another contract for the same kind of work with Weed & Parsons, and the defendant by having disposed of all the volumes of these books made by him during the three years fixed in the contract as its limit of duration. But it is insisted that the contract was not by its terms limited to any precise time of duration, because when entered upon there was unfinished work by the previous contractor, and when terminated by the contract with Weed & Parsons, that contract recognized the existence of two unfinished volumes in the hands of the defendant for completion. It seems to be a sufficient answer to that position that the State officers were limited by the statute to a contract for not more than three years. But if the necessities of the case compelled them to recognize the unfinished work of each contractor at the expiration of the three years' limitation in the contract, that necessity could not extend the contract indefinitely, beyond the time necessary to complete that unfinished work; the law of the contract would still confine its completion within reasonable limits, tested by the amount of unfinished work and the nature of the contract.

It would not annul all limits of time fixed by that instrument, and make the obligations perpetual, or extend them for a series of years.

The rule seems well settled that where the time of performance of a contract is not specified in terms therein, the law interprets the contract to demand performance within a reasonable time. ( *Van Woert* v. *Albany & Susquehanna R. R. Co.*, 67 N. Y. 538; *Wright* v. *Bank of the Metropolis*, 110 id. 237; *Colt* v. *Owens*, 90 id. 368; *Hedges* v. *Hudson R. R. R. Co.*, 49 id. 223.)

We are, on the whole, inclined to the opinion that the fair interpretation of this contract required the defendant to print, bind and keep on hand, for sale under this contract, at his store, such books as the State Reporter provided him with the material to make, during the three years' limitation in his contract, and for such reasonable time as was required to finish the books in process of completion after the expiration of such three years' limit and dispose of them, or give the public a reasonable time to obtain them after completion of such unfinished volumes under the favorable terms of the contract.

It is quite apparent from the controversy growing out of this

contract that there lurks in it an ambiguity which can be settled by judicious interpretation alone, probably by the court of last resort.

Called upon as we are to construe this instrument upon its ambiguous provisions, we should not, unless clearly justified by its provisions, give it an unreasonable interpretation, and such an one as will place one party entirely at the mercy of the other.

In *Russell* v. *Allerton* (108 N. Y. 288) it was held that when there is uncertainty or doubt as to the meaning of words or phrases used in a contract, in seeking for the intent of the parties as evidenced by the words used, the fact that a construction contended for would make the contract unreasonable, and place one of the parties entirely at the mercy of the other, may probably be taken into consideration. (*Jugla* v. *Trouttet*, 120 N. Y. 21–28; *Wright* v. *Reusens*, 133 id. 298–305.)

In this case the copyright of all matter received by the defendant from the reporter is prohibited to the State and defendant, and as we have seen section 212 of the Code throws the publication and sale of the volumes covered by the contract open to all, giving the defendant no exclusive privilege or monopoly of the same. It cannot, therefore, be claimed in this case that the time of the duration of this contract can be measured by the duration of a copyright, as the defendant cannot protect himself from competition in that way, and as the publication and sale of these books are open to all, the refusal of the publication by the defendant after the expiration of his contract cannot deprive the public of the privilege of purchasing the same of other book concerns.

We are, therefore, led to the conclusion that the plaintiff had no legal right at the time of the demand of these books of the defendant to insist upon their delivery, and no cause of action accrued to him to demand and receive this forfeiture; and that the learned trial judge erred in not dismissing the complaint on the motion of the defendant.

The judgment must be reversed, and a new trial ordered, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed, new trial granted, costs to abide the event.