SINGER MANUFACTURING COMPANY *v.* BREWER.

## Opinion delivered March 17, 1906.

1. FORFEITURES—CONSTRUCTION OF CONTRACTS.—As forfeitures are not favored in the law, they must, in order to be enforced, be plainly and unambiguously provided in the contract; and it is the duty of the courts, when contracts are fairly susceptible of more than one construction, to adopt such as will not work a forfeiture of the acquired rights of either party. (Page 205.)

2. CONTRACTS—CONSTRUCTION.—While the cardinal rule for construction of contracts is to arrive at the real intention of the parties, if possible, yet where that intention is doubtful or obscure, a construction should be adopted which is most fair and reasonable, and which will impose the least hardship upon either of the contracting parties. (Page 205.)

3. SAME.—Under a contract between a sewing machine company and its managing salesman which provided for three methods of compensation for his services, viz.: (1) a fixed salary per week, (2) a commission of 15 per cent. on all sales or leases of machines, the same to be payable as payments on the sales or leases made, and (3) a remitting commission of 5 per cent. on the net amounts collected and remitted to the company; and stipulated that "the foregoing compensation shall be full payment and satisfaction for all services of every kind and nature" rendered by such salesman, and "that all his claims therefor shall cease immediately upon the termination of this agreement," *held* that the commission of 15 per cent. on sales and leases already earned but not collected would not be forfeited by a termination of the contract, though the remitting commission of 5 per cent. would be forfeited in such case. (Page 205.)

4. SAME—CUSTOM IN AID OF CONSTRUCTION.—From a custom in the dealings between a sewing machine company and its managing salesman that the salesman should lose his selling commission on the removal of a purchaser of a machine from his territory, it does not follow that upon the discharge of the salesman he should forfeit his already earned commissions on uncollected sales. (Page 205.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Austin & Danaher,* for appellant.

The fourth clause of the contract precludes a recovery by the plaintiff. The contract was reasonable, and plaintiff is bound by its terms. Inasmuch as the contract provided that the agreement could be terminated at the pleasure of either, appellant committed no wrong in terminating appellee's agency.

*Taylor & Jones,* for appellee.

'A reasonable construction of the contract will not defeat the plaintiff of pay already earned at the time the agreement is terminated. 3 Ark. 222; *Ib.* 258. The law does not favor forfeitures. 67 Ark. 553.

McCULLOCH, J. Appellee, W. F. Brewer, was employed by appellant as its agent, and brought this action to recover the sum of $308.57 alleged to be due him, according to contract, for commissions on sales of sewing machines made by him in the course of his employment. There was a written contract between the parties prescribing the duties of appellee as "managing salesman for the company at its sub-office in the city of Pine Bluff, Arkansas, and that part of the contract fixing the compensation to be paid to him for his services is as follows:

"Third. The company agrees to pay the said party of the second part for all his services the following compensation with the restrictions and limitations hereinafter expressed:

"A. A salary at the rate of twelve dollars per week, lost time to be deducted, which shall include the use and keeping of horse and wagon.

"B. A commission of fifteen per cent. of the value of all sales or leases of family machines at retail list prices made by said company, said commission to be computed on the net value after all deductions for old machines or discounts shall have been made. This commission shall be payable only as payments in cash are made on said sales and leases, and paid over to said company, and shall be at the rate of fifty per cent. of such cash payments until the full amount of commission shall have been paid, except on leases where the payment is less than $5, then commission shall be payable from the second and subsequent payments.

"C. A remitting commission of five per cent. on the actual amount of money remitted by him from said sub-office, and said remittances are to be made only from money remaining on hand after payment of the running expenses of said sub-office and any advances from division or department headquarters for expenses are to be deducted from such remittance in computing this percentage.

"Fourth. It is expressly understood and agreed between the parties hereto that the foregoing compensation shall be full

payment and satisfaction for all services of every kind and nature rendered by said party of the second part, and that all his claims therefor shall cease immediately upon the termination of this agreement.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

"Tenth. This agreement may be terminated at the pleasure of either party."

Appellant discharged appellee from its service on January 15, 1903, and paid the amount of all commissions collected up to that time on sales. The commissions sued for were on sales made upon installment plan prior to his discharge, but the amounts were not collected until after he was discharged from service.

The sole question presented by the appeal is whether, under the contract, appellee was entitled to commission on sales made during his period of service where the collections were made after his discharge.

It is the contention of appellant that appellee was entitled only to commission on collections made while he was in service, and that he was precluded from recovering commissions on collections made after his discharge by the fourth clause of the contract which provides that "all his claims therefor shall cease immediately upon the termination of this agreement." We do not think that the proper interpretation of the contract supports that contention. It will be observed that the contract provides three methods of compensation for the services of the agent, viz.: (1) A fixed salary of $12 per week, which included pay for the use of his horse and wagon; (2) a commission of fifteen per cent. on all sales or leases of machines, the same to be payable as payments on the sales or leases which were made, and (3) a remitting commission of five per cent. on the net amounts collected and remitted to the company.

It is evident that the commission of fifteen per cent. was intended as compensation for the sales and leases, and was earned when the sales or leases were consummated, though payment of the commission was to be postponed until the collections were made. Not so, however, as to the remitting commission of five per cent. That commission was not earned until the money was collected and actually remitted to the company. The selling com-

mission having been earned by the agent while in service, he could not by discharge be deprived of it, even though the payment was, under the contract, postponed until the money should be collected. His right to it depended upon the prices or rentals of the machines which he had sold or leased being finally collected, but it was not essential that the collections should be made during his period of service.

We do not think that the language of the contract quoted above was meant to work a forfeiture, upon termination of the period of service, of compensation already earned. Forfeitures are not favored in the law, and in order to be enforced they must be plainly and unambiguously provided in the contract. It is the duty of courts, when contracts are fairly susceptible of more than one construction, to adopt such as will not work a forfeiture of the acquired rights of either party. *Arkansas Fire Ins. Co.* v. *Wilson,* 67 Ark. 553; *Letchworth* v. *Vaughan,* 77 Ark. 305; *Little Rock Granite Co.* v. *Shall,* 59 Ark. 408.

The language referred to must be construed to mean, not that compensation already earned should be forfeited, but that either party should have the right to terminate the contract at any time and stop the earning of further compensation, and that upon such termination no further compensation should be claimed, except that stipulated in the contract and already earned at that time.

The construction contended for by appellant would cut off the right of appellee, upon discharge, to claim unpaid salary which he had earned while in service, but this is too unreasonable to find support in any fair rule of interpretation. While the cardinal rule for construction of contracts is to arrive at the real intention of the parties, if possible, yet where that intention is doubtful or obscure, a construction should be adopted by the courts which is most fair and reasonable, and which will impose the least hardship upon either of the contracting parties. 1 Beach, Contracts, § 708; *Little* v. *Banks,* 77 Hun, 511; *Wright* v. *Reusens,* 133 N. Y. 298.

Applying this salutary rule of construction, we think the trial court properly interpreted the contract and allowed a recovery for commissions.

Evidence was introduced to the effect that during the pend-

ency of the contract between appellant and appellee, where the person to whom the agent had sold a machine moved out of his agency territory before paying for the machine in full, the selling agent would, according to custom, forfeit his commission and the account would be transferred to the agency to whose territory the purchaser moved, and all future collections made there. This custom is urged as an interpretation of the contract by the parties themselves which the court must follow. It has been said that the best guide obtainable for the interpretation of an ambiguous contract is what the parties themselves have done in execution of it. *Robbins* v. *Kimball,* 55 Ark. 414. "Tell me what you have done under a deed, and I will tell you what that deed means." Lord Chancellor Sugden in *Attorney General* v. *Drummond,* 1 Dr. & W., Irish Ch., 353.

There may, however, have been much reason consistent with the terms of the contract for occasionally transferring the account of a person moving out of the territory, so that the selling agent lost his commission; but that, in the nature of the business, could not occur frequently, and the settling agent was relieved of the burden of looking after the collection. The parties doubtless had in mind the fact that the removals from one territory to another would be equalized, and an agent who lost the remitting commission on one purchaser who moved out of his territory would gain it back in another who moved in from another territory. But the business of selling sewing machines is shown to be conducted largely on the installment plan, the selling commission of the agent is the largest part of his compensation for services, and we can not assume, from the custom with reference to transfer of unpaid accounts of removing purchasers, that the parties intended that the agent should, upon discharge, forfeit his selling commissions on uncollected sales.

We think the circuit judge was right in his conclusion, and his judgment is affirmed.