AMERICAN INV. CO. v. ALEXANDER.

No. 3863.   Opinion Filed April 13, 1915.

(148 Pac. 99.)

1.   PRINCIPAL AND AGENT—Contract of Agency—Right to Revoke. A contract of agency is revocable at the will of the principal, unless the contract constitutes "a power coupled with an interest."

2.   PRINCIPAL AND AGENT—Revocation of Agency—Damage—Liability. The principal, having powers to revoke an agency, is liable in damages, if by the revocation substantial injury is sustained by the agent.

3.   PRINCIPAL AND AGENT—Commission of Agent—Revocation of Agency—Procurement of Loan. Where a corporation, engaged in the mortgage loan business, appoints an agent to solicit applicants for loans, and agrees to pay him a stipulated part of its commissions, and makes a loan to an applicant produced by such agent: held, that the corporation cannot avoid paying the agent's commission by discharging him prior to the completion of the loan.

(Syllabus by Galbraith, C.)

*Error from County Court, Carter County;*

*M. F. Winfrey, Judge.*

Action by M. L. Alexander against the American Investment Company, for breach of contract. Judgment for the plaintiff, and defendant brings error. Affirmed.

*Johnson & McGill,* for plaintiff in error.

*Cruce, Cruce & Bleakmore,* for defendants in error.

GALBRAITH, C.  This action was commenced in the county court of Carter County, Okla., to recover $400 as commissions due under a written contract, which was charged to have been entered into between Alexander and the American Investment Company, through its president, W. B. Paschall.

The petition alleges, in brief, the making of the contract whereby the American Investment Company agreed to pay Alexander one-sixth part of its commission on loans made to parties whose applications he should send it, that there was due him the sum of $400 on loans made to one Stewart and Simpson, and prayed for judgment in that amount.  The answer was a general denial.

The cause was tried to the court and a jury, and judgment rendered for the plaintiff in the sum of $300, interest and costs. The American Investment Company prosecuted an appeal to this court.

It appears from the testimony that the American Investment Company is a corporation whose president and general manager is W. B. Paschall, with offices at Oklahoma City, and that it is engaged in the farm and city loan business, acting as a broker in making such loans, and that M. L. Alexander is a citizen and resident of Carter county, Okla.; that Paschall, as president of the American Investment Company, along about March 1, 1908, entered into a contract with Alexander, whereby he was appointed its agent for the purpose of procuring applicants for farm and city loans, and was to receive, as his compensation for services, one-sixth of the amount of the commissions of the company on loans made by parties whose applications were secured by Alexander, and that the money was to be loaned at 10 per cent. interest; that this contract was in writing, although it was not introduced in evidence at the trial of the cause; that some time during the month of March, 1908, Alexander secured the application of one Cal Stewart, of Love county, for a loan on real estate located in Carter county; that the application was made out for

a loan of $12,000, for five years, at 9 per cent. interest per annum, and forwarded to the American Investment Company at Oklahoma City. On receipt of the application the loan company sent its appraiser to Carter county to appraise the property described in the application; that the appraiser reported favorably upon the application, but recommended a loan of only $10,000 thereon at 10 per cent. per annum interest; that later W. B. Paschall visited Carter county and also looked over the property and approved the loan for $10,000, for five years, at 10 per cent. interest; that this was satisfactory to Stewart, the applicant for the loan; that Paschall then said to Alexander that he could not allow him the full amount of his commission on this loan since it was a large one, but that he would allow him $100 commission. Alexander said that he would not stand for that, and would claim the full amount of his commission, as stipulated in his contract. Paschall then said that he would cut out the loan and would not make it. It appears, however, that a few weeks later Paschall caused the mortgage and notes and interest coupons for the loan to be prepared and forwarded to one Cook, at Ardmore, with instructions to have Stewart execute them; that Cook did as instructed and had the papers executed and returned to the American Investment Company, at Oklahoma City, and the loand was made for $10,000 and a commission of $100 paid Cook for his services; that then the American Investment Company refused to pay Alexander any commission, and he instituted this suit and recovered the judgment as above recited.

It is first complained that the court erred in denying a motion for an instructed verdict for the defendant. This was not error, since the petition alleged a cause of action upon a legal contract, and the evidence of the plaintiff established the fact that the contract was entered into, and that Alexander had performed his part of the contract; that is, that he had done everything required of him to be done under the contract in order to earn one-sixth of the commission which the American Investment Company had collected or secured from Stewart on this

loan, which appears to have been $2,000.

. Numerous other assignments of error are set out in the petition of error, but it will not be necessary to examine these in detail. However, there are two additional assignments that should be referred to: One that the court erred in the instructions given to the jury; the other that the court erred in refusing to give two instructions requested by the defendant. An examination of the instructions shows that they embody a reasonably fair statement of the law of the case arising upon the issues made by the pleadings. The instructions requested by the defendant were not a correct statement of the law applicable to the case. It was not essential that the loan should be made upon the same application forwarded to the principal in order to justify the agent's claim for commission, as the first of these instructions stated; it was only necessary that the loan should be made to the same man. The second requested instruction was equally vicious as the first. It is not the law that the "defendant had the right to reject any and all applications for loans, for any reason they saw proper, and, if the same was rejected, the plaintiff was entitled to no commission." It is true that, under the contract, the principal could accept or reject any application for a loan, either with or without giving a reason therefor, and, if no loan was made, no commission was earned, but it could not reject an application because the agent refused to reduce the amount of his commission, and make the loan to the same person through another agent and avoid paying the commission earned by the first agent.

The evidence as to the material points in this lawsuit is not controverted. It is not denied, except in the answer, that the plaintiff in error entered into a contract with the defendant in error as claimed by him, and it is not denied that he procured Stewart to make the application to the plaintiff in error for a loan, and that it made the loan of $10,000 and collected $2,000 commission, and that, under its contract with Alexander, he was entitled to one-sixth of this amount.

American Inv. Co. v. Alexander.

While, by reason of this contract, the relation existing between the American Investment Company and Alexander was that of principal and agent, and the agency was revocable at the pleasure of the principal (*McKellop et ux. v. Dewitz et al.,* 42 Okla. 220, 140 Pac. 1161, 52 L. R. A. [N. S.] 255), still, after the agent had performed his part of the contract, so far as this Stewart loan was concerned, and had earned his commission, the principal could not avoid payment of the commission by revoking the agency and discharging the agent (*Cloe v. Rogers,* 31 Okla. 255, 121 Pac. 201, 38 L. R. A. [N. S.] 366).

The rule as to the right of a real estate agent to recover commissions has been considered and announced in a number of cases by this court. In *Reynolds v. Anderson,* 37 Okla. 368, 132 Pac. 322, the first paragraph of the syllabus reads:

"A real estate agent in order to recover commission for the sale of real estate must produce a purchaser, who is ready, willing, and able to buy, upon the terms and conditions agreed upon."

The above case is also reported in 46 L. R. A. (N. S.) 144.

This rule applied to the contract under consideration would justify a claim for commission by the agent whenever he produced an applicant who was ready, willing, and able to make the loan upon the terms proposed or approved by the principal; and the loan was actually made. This rule supports the judgment of the trial court. The judgment is not only supported by the law and the evidence, but by common honesty and fair dealing as well.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.