**SOONER BROADCASTING COMPANY,**
Plaintiff in Error,

v.

**B. M. GROTKOP, Defendant in Error.**
No. 36140.

Supreme Court of Oklahoma.

Feb. 15, 1955.

Mosteller, Fellers, Andrews & Loving,. Oklahoma City, for plaintiff in error.

Bert Barefoot, Jr., Oklahoma City, for defendant in error.

CORN, Justice.

This is an action brought by B. M. Grotkop against Sooner Broadcasting Company to recover commissions alleged to be due for procuring advertising contracts to be broadcasted over defendant's broadcasting station and incidental expenses incurred while in its employ which it agreed to pay.

The evidence in behalf of plaintiff as testified to by him shows: On January 21, 1951, he entered into an oral contract with defendant's manager whereby he was employed to procure advertising contracts for defendant, advertisements to be broadcasted over its station, and that he was to receive for his services 15 per cent commission of the gross amount of business procured by him and broadcasted over defendant's broadcasting station when paid for by the advertisers. He was to receive $95 per week as a drawing account against his commission.

He was not employed for any definite period of time, but under the contract either party had a right to terminate it at will. On April 28, 1951, the contract was terminated by defendant, and plaintiff was discharged. During the time he was employed he procured advertising contracts from fourteen different persons. The contracts were in the nature of option contracts. They provided that the customers might advertise over defendant's station for a certain period of time at fixed rates stated in the contract, with an option on their part to cancel their contract at any time. None of the customers procured by plaintiff cancelled their contracts, but advertised over defendant's broadcasting station for the period of time fixed by the contracts and paid therefor at rates specified in the contracts.

Plaintiff claims a commission for procuring such contracts in the sum of $2,672.13 and in addition thereto the sum of $21.06 expenses incurred by him while in defendant's employ and which he alleged and testified defendant agreed to pay.

Defendant in its answer denied the contract entered into between the parties was as alleged, and testified to by plaintiff and alleged that under the terms of the contract entered into between the parties plaintiff was to receive a commission of 15 per cent of the amount received for advertising time sold, serviced and collected by plaintiff while in the employ of defendant, and by way of cross-petition alleged plaintiff, while in its employ, overdrew his account in the sum of $598 for which amount it prays judgment against plaintiff.

Defendant offered evidence in support of the allegations of its answer. Defendant's foreman and manager testified the agreement entered into between the parties was as alleged in defendant's answer; that he informed plaintiff at the time the contract was entered into, and it became a part of the agreement, that plaintiff was to procure advertising contracts with the customers procured in order to hold the contracts, to consult with them in regard to the best time of day for the broadcasting of programs and announcements, to assist in preparing advertisements to be presented and advertised over defendant's broadcasting station, and to assist in collecting the accounts after broadcast, and when all these duties we're performed he would be credited with the commission.

It is further testified that plaintiff overdrew his account in the amount stated in defendant's cross-petition and plaintiff concedes he did overdraw his account in a certain amount. This in substance constitutes the evidence in the case.

A jury was waived and the case was tried to the court who at the close of the evidence in substance found: A valid oral contract existed between plaintiff and defendant under which plaintiff was entitled to a commission of 15 per cent of all advertising contracts procured by him for the use and benefit of defendant where the advertisement was broadcasted by defendant and collection therefor made. Plaintiff procured eleven of the fourteen accounts claimed by him, and on such accounts he was entitled to a commission in the sum of $2,074.16; that in addition thereto he was entitled to recover from defendant the sum of $21.06 expenses incurred while in de-

fendant's employ; and, further found plaintiff overdrew his account as pleaded by defendant in its cross-petition in the sum of $543.07 for · which it was entitled to credit, and found that plaintiff was entitled to judgment against defendant in the total sum of $1,552.15, and entered judgment accordingly.

Defendant appeals. Its first contention is that under the evidence and contract entered into between the parties the commission which plaintiff seeks to recover had not been earned by him prior to the time his employment was terminated. Defendant in its brief argues that plaintiff had not earned his commissions at the time his employment was terminated for the reason the advertising contracts he secured did not represent the conclusion of his duties in regard to the accounts, but were merely the first of a series of acts necessary to make the transactions of value to his employer; that before plaintiff earned his commission it was his duty to service the contracts, to see that advertising matter was prepared and advertisements broadcast over its station and paid for by the advertisers.

■ This contention would be correct if the contracts entered into between the parties had been found by the court to be as contended by defendant, but since the court found this issue in favor of plaintiff and found the contract to be as contended by him the contention of defendant in this respect cannot be sustained.

■ In 65 A.L.R. page 993, the author states:

"The question of the right of a person employed under a contract providing for commissions based upon amounts collected, to commissions on collections made after termination of the employment or discharge for cause, where the collections arise out of business secured during the term, is almost entirely dependent upon the wording of the particular contract involved and the construction to be given thereto."

Defendant in support of its allegations cites and relies upon Home News, Inc., v. Goodman, 182 Md. 585, 35 A.2d 442; Walter Kidde & Co., Inc., v. Walton-Viking Co., 8 Cir., 153 F.2d 988; Monroe v. Grolier Society of London, 208 Cal. 447, 281 P. 604, 65 A.L.R. 989. In the case first above cited the court held:

"Under contract of employment at will of advertising solicitor providing for payment of commissions on all advertising secured for paper by solicitor so long as such advertisers continue to place advertising in paper, solicitor was entitled to commissions on advertising received, until date of his discharge, from customers secured by him, and on advertising received after discharge under contracts or options with customers secured by solicitor which were in effect when he was discharged."

In that case it appears that plaintiff entered into an oral contract with a newspaper to obtain advertising to be advertised in the newspaper. The contracts obtained were option contracts and provided for the advertising of certain linage in the paper for a certain length of time at rates fixed in the contract with the option on the part of the prospective advertisers to cancel the contracts at any time. Plaintiff during his period of employment procured contracts from a number of customers who agreed to advertise in defendant's newspaper. After he procured the contracts his employment was terminated by defendant. Some of the customers from whom he procured contracts to advertise, advertised in defendant's newspaper prior to the time his employment was terminated, others completed their contracts and advertised in defendant's newspaper after plaintiff's contract was terminated.

Plaintiff in that case alleged and testified that under the contract entered into between the parties he was to receive 20 per cent commission on all contracts secured for the newspaper by him so long as the advertisers secured continued to place advertisements in the newspaper. The chancellor before whom the case was originally heard found such to be the contract. The court, on appeal, held the evidence sufficient to sustain this finding and further . held plaintiff was entitled to recover his commissions on all contracts secured by him, and on advertisements received and advertised be-

fore and after his discharge. Plaintiff in that case further contended that he was entitled to recover commission on renewal contracts made by defendant, after he was discharged, from customers procured by him while he was in its employ so long as they continued to place advertisements in the paper. The court denied this contention, and after pointing out that under the evidence offered in the case the contracts secured by plaintiff were in substance options to place advertisements in defendant's paper at a fixed rate and imposed no obligation on the customers to advertise; that after securing the options it required further solicitation on the part of plaintiff to obtain the linage to be advertised, and to see that the customers were satisfied, and after pointing out the dissimilarity between this kind of contract and ordinary contracts the court further said:

"* * * Although the contract was for an indefinite period and could be terminated at any time by the appellants, they were liable for the just compensation due the appellee. As a matter of fact, the record, in the opinion of this court, does not disclose any act of the appellee which terminated the contract. It was terminated by the appellants. They had a right to terminate the contract, and the discharge was lawful, but appellants were liable for the just compensation to appellee. * * *

"'Upon the contract as thus found, the plaintiff contends that he is entitled to recover his commissions upon advertisements received by the defendant, after his discharge, from customers whom he originally secured. The agreement as to commissions upon all business that followed the original contracts was founded upon the defendant's right to the plaintiff's continuous service. He was to have his commission upon all such business, not merely because he had secured these original contracts, but because he was there to aid, if necessary, in securing renewals or additional contracts, and in keeping his customers in touch with the de-

fendant. * * * These customers were his, and his interest to keep them for the joint benefit of himself and his employer was the implied consideration for the defendant's agreement to pay him a commission upon all business that followed the original contracts. He was consequently entitled to commissions upon renewals or additional contracts which came in during his period of employment. We might even go further, and concede that he was entitled to contracts which he had previously secured. There is, however, absolutely nothing in the language of the contract to justify the extreme view of it which the plaintiff now takes. The customers were his while the employment lasted, but they were not his when they chose to contract directly with the defendant after his connection with the latter had ceased. The new contracts which these customers made with the defendant, after the plaintiff's discharge, were independent of those made during the period of his employment. In no just sense did they cover business which followed the original contracts. They covered business which came to the defendant upon a new status, and under the influence of fresh considerations. * * * *'"

If the contracts secured by plaintiff in this case had been cancelled by his customers and defendant had renewed these contracts, or if the contracts had expired and defendant had renewed them after plaintiff was discharged and plaintiff was seeking to recover commissions for advertisements received under the renewal contracts the case would be in point and sustain the contention of defendant, but since plaintiff is only claiming commissions on the gross receipts of business secured by him while he was in defendant's employ, the case sustains his contention rather than that of defendant.

The above case is the only case cited by either party which deals directly with the type of contracts here involved. The contract in that case is quite similar to the contract in the present case, and what is there said therefore applies here. In the case

of Walter Kidde & Co., Inc., v. Walton-Viking Co., supra, also relied upon by defendant, the court held [153 F.2d 991]:

" 'A broker employed to sell or procure a purchaser does not earn his commissions by procuring persons to sign an option to purchase, and not binding them to purchase.' "

We do not think that case applicable here. In the instant case plaintiff was engaged and employed to procure option contracts, they were the kind of contracts he was directed to procure and under the terms of the contract entered into between plaintiff and defendant as testified to by plaintiff and found to exist by the court, plaintiff was entitled to his commission when he procured the option contracts and the advertisers secured by him advertised over defendant's broadcasting station and paid for the advertisements. Neither does the case of Monroe v. Grolier Society of London, supra, sustain the contention of defendant since in that case the contract entered into between the parties specifically provided that plaintiff should not be entitled to his commission until he sold the merchandise in question and collected the purchase price thereof.

In Singer Sewing Mach. Co. v. Brewer, 78 Ark. 202, 93 S.W. 755, and Ohio Marble Co. v. Byrd, 6 Cir., 65 F.2d 98, the facts are somewhat analagous to the facts in this case and sustain the contention of plaintiff and the conclusions reached by the court.

The evidence discloses that plaintiff's employment was not terminated by any act on his part. It was terminated by defendant and plaintiff was discharged. The contract was one at will and defendant had the lawful right to terminate the employment at any time, but it could not avoid payment of plaintiff's commissions by so doing. Home News, Inc., v. Goodman, supra; American Inv. Co. v. Alexander, 46 Okl. 284, 148 P. 99.

The defendant at the trial sought to introduce evidence to show that it was the custom of defendant, in dealing with its salesmen, to pay them a commission only on accounts which they sold, serviced and collected, while in its employ and offered to show that when a salesman is hired he takes over the servicing of accounts which were originally procured by others, and from the commencement of his employment he received 15 per cent commission on all collection of such accounts and offered in evidence its account sheets as evidence tending to establish such custom. The evidence was excluded by the trial court. This ruling is assigned as error.

The general rule is that evidence of custom is inadmissible as an aid to the interpretation of a contract unless the contract is ambiguous or uncertain in its terms. The contract in this case, as testified to by plaintiff, and found to exist by the court, is not ambiguous or uncertain, but we think is quite definite in its terms. Evidence as to custom was therefore inadmissible. A. L. Jones & Co. v. Cochran, 33 Okl. 431, 126 P. 716; Number One Oil Co. v. Wilcox, 95 Okl. 227, 219 P. 132; El Reno Mill & Elevator Co. v. Medlock Grocery Co., 98 Okl. 96, 224 P. 177.

Evidence of custom or usage is not admissible to vary, add to, or contradict the terms of a definite and unambiguous contract or to bind a party thereto or impose a duty or obligation on a party to such contract not incorporated therein. First Nat. Bank of Anadark v. Harp, 144 Okl. 219, 291 P. 116; Neal Gin Co. of Marietta v. Tradesmen's Nat. Bank, 111 Okl. 154, 239 P. 615. This rule applies whether the contract is written or oral. 25 C.J.S., Customs and Usages, § 30.

Moreover defendant in its answer does not plead the custom sought to be established. In the absence of such pleading, evidence as to custom is inadmissible. Sanders v. C. P. Carter Const. Co., 206 Okl. 484, 244 P.2d 822; Smith v. Stewart, 29 Okl. 26, 116 P. 182.

The trial court ruled correctly in excluding the offered evidence.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.