Henby Epstein, J.
This is an action arising out of road construction contracts in which plaintiff seeks recovery on the basis of work done (quantum meruit) in three causes of action. The first cause of action is for road construction in Nassau County on which the “ agreed and reasonable value ” was $6,412.50. Of this, the sum of $6,032.21 was paid, leaving a balance claimed of $380.29. The second cause of action is based on the value of work done under a contract for sewer construction in the same section of Nassau County. The contract called for $17,000 work, but there was further work done at the price of $2,500, making a total of $19,500 on which it is admitted $18,000 was paid, leaving an unpaid balance of $1,500 for which relief is asked. The third cause of action is for additional road construction of the claimed value of $5,730.75, which work was completed but unpaid. The total claim of plaintiff is for $7,611.04. The answer, in addition to denying the allegations, seeks to recover by way of counterclaim the sum of $9,000 as damages suffered by defendant through plaintiff’s failure to perform as contracted for.
The first contract, May 14,1956, called for street construction at the site where defendant was carrying out a large-scale housing development. The bill for this project was rendered October 3, 1956, in the sum of $6,412.50, on which a credit, was given for payments received in the sum of $6,032.21, leaving an unpaid balance of $380.29. The second contract was for sewer construction and was dated August 2, 1956, for a lump sum of $17,000. Additional work was authorized at an agreed price of $2,500. Defendant was billed March 28, 1957 for $19,500 on which there was credited payments of $18,000, leaving an unpaid balance of $1,500. The third piece of work was authorized April 29, 1957, and the bill under date of May 24, 1957 for $5,730.75, was not paid in any part. The extra work of $2,500 on the sewer contract was due to removal of “ bog ”, a condition expressly calling for added work and expressly excluded from the $17,000 contract price. Payments made by defendant were credited against oldest outstanding debts represented by unpaid bills. Final bills were sent on completion of work.
This case rests on the sharp conflict in credibility of witnesses for the respective adverse parties. This court is convinced that truth lies with plaintiff. In all the period of this work no complaint in writing was ever sent to plaintiff by defendant. *430 There was apparently much difficulty in defendant’s meeting the payments called for under the contracts for the work here, the subject of the claims. It is hardly conceivable, as sought to be claimed by defendant, that the work done by a contractor in the months of May, June, July, 1958 after commencement of this action, was caused by plaintiff, particularly in the light of the total absence of any written complaints either to plaintiff or to the Nassau County or the town authorities. Defendant’s president, in examination before trial, admitted making payments for the work of plaintiff despite knowledge of alleged improper, performance. From the testimony, the court is satisfied plaintiff’s work was done in a satisfactory manner under continuous inspection of the town and county authorities. When in October, 1957 prompt payments for the work done were not forthcoming, defendant’s president sought to effect a compromise of payments with plaintiff’s president. In the office of Henry Fried, president of plaintiff, defendant’s president, Benjamn F. Lee, offered to Fried a second mortgage on some houses and post-dated notes. This offer was refused by Fried for plaintiff. Then Lee gave two checks, one of which was paid and one defaulted and later made good. Even at this stage no complaints were made to Fried by Lee concerning the construction jobs in which time was a concededly vital factor. It is clear that the plaintiff’s work was inspected by the county and town authorities and approved. Inspection of the work of plaintiff was continuous by the Nassau County Planning Commission. Complaints were promptly remedied. On refusal of defendant to make payments agreed upon, plaintiff brought this action for the value of the work done.
Where one party breaches a contract for work performed, the other may sue for the worth of the work done and is not restricted to an action for the contract price under the contract. The value of the work is the basis of such a claim (Clark v. Mayor of City of N. Y., 4 N. Y. 338). If performance be prevented by default of defendant in making payments pursuant to the contract, then failure to perform work in the specified time is excused. The measure of recovery is then the value of the work performed and the materials furnished. Where, also, the evidence reveals that defaults in payments prevented performance, the later cost of completion has no bearing on the right of the contractor to recover for the work done under the contract (Wright v. Reusens, 133 N. Y. 298, 305). These would seem almost to parallel the facts revealed in the instant case. So in an action involving work for the State where the contractor and lienors were allowed to recover. *431 Failure to pay amounts due for work in progress constitutes a breach warranting' recovery for the value of services up to the time of the breach (Wharton & Co. v. Winch, 140 N. Y. 287; Anderson v. Hayes Constr. Co., 243 N. Y. 140). Judgment is accordingly authorized in plaintiff’s favor as prayed for in the complaint: $7,611.04, with interest on $380.29 from October 3, 1956; on $1,500 from March 28, 1957; and on $5,730.75 from May 24, 1957, wth costs of this action.