### P. J. NORWOOD v. ALAMO FIRE INSURANCE CO.

Delivered April 4, 1896.

**1. Fire Insurance—Negligence of Agent—Opinion Evidence.**

Upon an issue as to whether an insurance agent was guilty of negligence in not cancelling a policy as instructed by the company, the testimony of another agent as to what he would have done under the circumstances is not competent evidence.

**2. Same—Evidence of Custom—Pleading.**

Evidence that it is the custom of insurance agents to advance for the company the money for the return of an unearned premium, upon the cancellation of a policy, is not admissible where such custom has not been pleaded.

**3. Same—Cancellation of Policy—Duty of Agent.**

Where, under an insurance agent's written contract of appointment, he was not charged with the duty of seeing to the cancellation of policies, he is not guilty of negligence in neglecting to cancel a policy as instructed by the company, unless it be shown, independent of the written contract, that this additional matter of agency had been conferred upon and accepted by him.

APPEAL from the County Court of Johnson. Tried below before Hon. F. E. ADAMS.

*Poindexter & Padelford,* for appellant.—1. The custom or method of doing business adopted by one person, or how one person would have attended to a certain character of business under a certain state of facts, cannot be introduced in evidence for the purpose of showing that the defendant was guilty of negligence in not attending to that character of business and in not pursuing the same course as witness. Earl v. Crouch, 131 N. Y., 613; Calf v. Railway, 58 N. W. Rep., 408; Rumpel v. Railway, 35 Pac. Rep., 700; Railway v. Johnson, 18 S. E. Rep., 816; Cugdon v. Howe Scale Co., 29 Atl. Rep., 253; Glass v. Railway, 10 So. Rep., 215.

2. Under no circumstances can the method or custom of doing business be admitted in evidence unless such a custom has been plead. Governer v. Withers, 5 Gratt. (Va.), 24.

3. A witness can only testify as to facts, and it is the province of

the jury to draw the conclusion from the facts.   And it is error for the court to permit a witness to give his conclusion of facts or his opinion of the effect of a written or oral contract, and the lower court erred in permitting the witness, Scudder, to testify what was the duty of defendants, Norwood & Son, after notice to cancel had been given, this being a question for the jury.   Graves v. Campbell, 74 Texas, 576; Randall v. Gill, 77 Texas, 351; McCamant v. Roberts, 80 Texas, 316; Dosche v. Nettie, 81 Texas, 265; Bradstreet Co. v. Gill, 72 Texas, 115; Byrnes v. Morris, 53 Texas, 213; Young v. Mahoning, 51 Fed. Rep., 585; Johnson v. Martin, 81 Texas, 18; Railway v. Shearer, 1 Texas Civ. App., 343; Railway v. Sweeney, 6 Texas Civ. App., 173; Railway v. Armstrong, 4 Texas Civ. App., 146; Railway v. Kuehn, 2 Texas Civ. App., 210; Ballew v. Casey, 9 S. W. Rep., 189; Thompson v. Brannin, 21 S. W. Rep., 1047; Insurance Co. v. Hayward, 27 S. W. Rep., 36; Railway v. Berry, 35 N. E. Rep., 565; Printup v. Patten, 18 S. E. Rep., 311; Burkholder v. Formen, 51 N. W. Rep., 293; Clark v. Ryan, 11 So. Rep., 22; Cogshall v. Pittsburg, R. M. Co., 29 Pac. Rep., 591; N. E. Mon. Co. v. Johnson, 22 Atl. Rep., 974; Hamilton v. Coal Co., 18 S. W. Rep., 977; Railway v. Unes, 14 S. W. Rep., 307; Railway v. Ashley, 67 Fed. Rep., 213; Reeves v. State, 11 So. Rep., 296; Elder v. Coal Co., 147 Pa. St., 499 (27 Atl. Rep., 544).

*N. S. Essex*, for appellee.—The evidence was all admissible for the purpose of showing to the jury what the duty of the defendant, Norwood, was under the contract of agency shown by the statement of facts to have existed, under the written instrument by which he was appointed agent of the appellee, and under his agency for appellee as growing out of that appointment.   Harrell v. Zimpleman, 66 Texas, 293; Lawson on Usages and Customs, 471; Insurance Co. v. Reymershoffer's Sons, 56 Texas, 234.

FINLEY, ASSOCIATE JUSTICE.—This suit was brought in the County Court of Johnson County by the Alamo Fire Insurance Company against P. J. Norwood and Sid Norwood, of and composing the firm of P. J. Norwood & Son, and Brown Douglas and S. B. Allen, on October 3, 1893.   Plaintiff, among other things, alleged that on and prior to July 25, 1893, P. J. and Sid Norwood were engaged in the business of acting as local agents for insurance companies under the firm name of P. J. Norwood & Son, and under such name were the local agents of plaintiff in Johnson County, and as such agents, on July 25, 1893, issued plaintiff's policy No. 220,698 to one A. G. Jones, insuring him against loss or damage by fire to a certain brick house situated in Cleburne, Texas. That at said time plaintiff was engaged, and still is engaged, in insuring property against loss or damage by fire under certain forms of policy.   That on September 13, 1893, plaintiff ordered said P. J. Norwood & Son to cancel said policy, but they carelessly and with great lack of care for the interest of plaintiff, neglected to cancel said policy.   That

afterward, about November 1, 1893, a fire occurred in the building insured by said policy; that afterward said A. G. Jones instituted suit on the policy against plaintiff in the County Court of Johnson County, and in that suit and court recovered judgment against plaintiff for $310.50, with cost of suit; that plaintiff was compelled in said suit to pay attorneys in amount $50, and cost of suit, $20.

Plaintiff also had a count against P. J. Norwood as its sole agent in Johnson County, and for negligence as stated above.

Plaintiff counts against the other defendants Brown Douglas and S. B. Allen, as sureties on bond of P. J. Norwood & Son for faithful performance of their duties as plaintiff's agent.

Defendant filed a general denial. The case was tried on April 6, 1895, before a jury, and resulted in a verdict in favor of plaintiff against the defendant P. J. Norwood for $300, the amount of policy, and interest at 6 per cent per annum from January 1, 1895, and in favor of all the other defendants; upon which verdict the court rendered judgment. Defendant P. J. Norwood filed his motion for new trial, which being overruled, he perfected his appeal to this court.

*Opinion.*—It was shown that appellant was acting as the agent of the insurance company under the following appointment by it: "This certifies that P. J. Norwood & Son of Cleburne, in the county of Johnson, State of Texas, have been appointed and duly constituted agents of the Alamo Fire Insurance Co. of San Antonio, Texas, with full power to receive policies for insurance against loss and damage by fire, in Cleburne, Texas, and vicinity, to receive moneys and to countersign, issue, renew and consent to the transfer of the policies of insurance, subject to the rules and regulations of said company and such instructions as may from time to time be given by its officers."

It was shown that as such agents Norwood & Son had procured the issuance of the policy of insurance upon the building owned by A. G. Jones. The insurance policy contained, among other things, the following provision: "In any matters relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this company. This policy shall be cancelled at any time at the request of the insured, or by the company or its agents, by giving written or verbal notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal; this company retaining the customary short rate except that when this policy is cancelled by this company, by giving written or verbal notice, it shall retain only the pro rata premium and pay the balance to the assured on the surrender of this policy to the company. This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power

to waive any provisions or conditions of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto. Nor shall any priv ilege or permission affecting the insurance under this policy exist or be changed by the assured unless so written or attached."

It was further shown that the insurance company directed P. J. Norwood to cancel the policy issued to said Jones, and that Norwood failed to have the policy cancelled; that the fire occurred that burned the building, and the insurance company was forced by suit to pay the amount of insurance upon the building provided for in the policy.

The sixth and eighth assignments of error complain of the admission of testimony introduced by plaintiff to show negligence on the part of Norwood in failing to cancel the policy. Plaintiff placed Hiram Hall upon the stand as a witness, and after proving by him that he had acted as local fire insurance agent for six or seven years, asked him this question: "Suppose you had received notice to cancel a policy, and the policy holder resided out in the country, what would you do in the matter?" (The policy holder in this case was shown to reside some eighteen miles in the country). To which the defendant objected, for the reason that plaintiff could not prove, and defendants would not be responsible for, what the witness would have done under the circumstances; that no basis was laid in the pleadings for such testimony, and defendants would not be held responsible for what the witness would have done, and the testimony was inadmissible; which objections were overruled, and the witness permitted to answer as follows: "If I had an insurance policy on the property of a party who lived out in the country, and if I had received an order from the company to cancel it, the first thing I would do would be to look around town and see if I could find anybody who lived a neighbor to the insured, and if I could find anybody, I would send word to him about the fact of the cancellation; and if I could not find anybody, I would write him a letter."

This testimony was properly objected to, and exception taken to the action of the court in admitting it. The evidence was clearly inadmissible. Negligence cannot be established by the testimony of a witness, that he would have pursued a different course of conduct from that taken by the person sought to be charged with negligence. Negligence is a question of fact to be determined by the jury from all the facts and circumstances surrounding the transaction; and to admit the testimony of a witness—that he would have pursued a different course stated—would be, in effect, substituting the opinion of a witness for a conclusion which is required by law to be reached by the jury.

Upon the question of negligence, there was also evidence of custom in relation to the matter as to whether or not the agent should advance the money for the return of unearned premium to the policy holder, and

how the same should be turned over to him. Upon this point plaintiff introduced the testimony of a witness to this effect: "I have been in the fire insurance business now for many years; I had my first instructions in 1881, and have never had any other instructions, and know of no other method of conducting a legal fire insurance business. Occasionally it occurs that a local agent has no funds in his hands of the company, because he has ceased writing policies for said company, in which case it is customary for such agent to draw on such company for the return premium, with cancelled policy attached to the draft."

This testimony was also duly excepted to as incompetent in itself to prove negligence, and further, because no such custom had been pleaded by plaintiff. The objections to the testimony were overruled. The objections were properly urged, and the court erred in admitting such testimony. Earl v. Crouch, 131 N. Y., 613; Colf v. Railway, 58 N. W. Rep., 408; Railway v. Johnson, 18 S. E. Rep., 816; Cugdon v. Howe Scale Co., 29 Atl. Rep., 253; Glass v. Railway, 10 South. Rep., 215; Governor v. Withers, 5 Gratt., 24.

The second assigment of error also relates to the admission of testimony. The court permitted a witness of plaintiff to testify as follows: "Yes, it was the duty of P. J. Norwood & Son to, and they did, cancel a number of policies for plaintiff under instructions from the head office at San Antonio, as can be evidenced by the register of plaintiff now in the hands of P. J. Norwood & Son."

This testimony was objected to, because it had been shown that the contract of Norwood & Son with the insurance company was in writing, and that their duty under such contract was a question to be determined by the jury, and not to be arrived at from the opinion of a witness.

As heretofore stated, the plaintiff had introduced the written appointment of P. J. Norwood & Son, as agents of the insurance company. This written appointment is plain in its terms, and sets forth the particular matters in which said Norwood & Son were to act as agents of the company. The policy of insurance, also introduced by plaintiff, under which the loss occurred, also provided, as has been heretofore stated, that no recognition of agency was to be given, except only when it was conferred in writing. The petition of plaintiff does not set out this written contract as a basis of recovery, and therefore plaintiff's proof should not be restricted to this written appointment. If it can be shown by plaintiff that the terms of the agency were enlarged, and such enlargement accepted and agreed to by the defendant, Norwood, no good reason is perceived why Norwood & Son might not incur liability as agents under such added scope of authority. However, the terms of the written appointment cannot be enlarged by showing that it was a custom for agents to have greater powers and other duties than those embraced in the terms of the written contract of agency; neither would the fact that defendants Norwood & Son, prior to this time, performed services not embraced within the contract of agency standing alone, prove the fact that their agency embraced such matters. But it would be ad-

missible as a circumstance, upon that issue. The court below, in trying the case, assumed that it was the duty of Norwood & Son to cancel the policy of insurance when instructed to do so, and submitted the case practically upon the issue whether they were guilty of negligence in not carrying out such instruction. It was error to treat the case in this way, both as to the matter of the introduction of evidence and the charge to the jury. Under the written contract of appointment, defendants were not charged with the duty of seeing to the cancellation of policies; and unless it was shown, independent of the written contract, that this additional matter of agency had been conferred upon Norwood & Son and by them accepted, they were not charged with the duty of cancellation, and if not so charged with the duty, they could be guilty of no negligence justifying a recovery. Graves v. Campbell, 74 Texas, 576; Randall v. Gill, 77 Texas, 351; McCamant v. Roberts, 80 Texas, 265; Bradstreet Co. v. Gill, 72 Texas, 115; Byrnes v. Morris, 53 Texas, 213; Young v. Mahoning, 51 Fed. Rep., 585; Johnson v. Martin, 81 Texas, 18; Railway v. Shearer, 1 Texas Civ. App., 343; Railway v. Sweeny, 6 Texas Civ. App., 173; Railway v. Armstrong, 4 Texas Civ. App., 146; Railway v. Kuehn, 2 Texas Civ. App., 210; Ballews v. Cassey, 9 S. W. Rep., 189; Thompson v. Brannin, 21 S. W. Rep., 1057; Insurance Co. v. Hayward, 12 Texas Civ. App., 401; Railway v. Berry, 35 N. E. Rep., 565; Printup v. Patten, 18 S. E. Rep., 311; Burkholder v. Foreman, 51 N. W. Rep., 293; Clark v. Ryan, 11 So. Rep., 22; Cogshall v. Pittsburg R. M. Co., 29 Pac. Rep., 591; N. E. Mon. Co. v. Johnson, 22 Atl. Rep., 974; Hamilton v. Coal Co., 18 S. W. Rep., 977; Railway v. Ashley, 67 Fed. Rep., 213; Reeves v. State, 11 So. Rep., 296; Elder v. Coal Co., 157 Pa. St., 499 (27 Atl. Rep., 544).

There are quite a number of other assignments of error, but we think the views we have here indicated upon the issues considered, will sufficiently present our views upon the material issues involved in the case for the guidance of the trial court upon another trial.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*