## SHAWNEE FIRE INSURANCE COMPANY v. R. L. CHAPMAN ET AL.

Decided November 19, 1910.

**1.—Fire Insurance—Suit by Executor and Heir—Pleading.**

In a suit by an executor on a policy of fire insurance, petition considered and held not subject to general demurrer on the ground that there was no allegation that the plaintiff was the owner of said property and in possession of the same both at the time of the issuance of the policy and at the time of the fire, nor that he was in possession and control of the property as executor both at the time of the issuance of the policy and at the time of the fire. The petition alleged that, although the policy was taken out in the name of the plaintiff, it was in fact taken for the benefit of the estate of which he was executor, which fact was known to the defendant's agent at the time the policy was issued.

**2.—Same—Ownership of Property—Waiver.**

When it is known to the agent of an insurance company at the time a policy of fire insurance is issued that the property insured belongs to an estate, although the policy is issued to the executor individually, the company can not defend, in case of loss, on the ground that the party insured was not the sole owner as stated in the policy.

**3.—Same—Liability of Agent.**

Where, in a suit upon a fire insurance policy, the company sought to recover over against its agent on the ground that the agent had violated instructions and exceeded his authority, pleading and evidence considered, and held to justify a verdict in favor of the agent, on the ground that the agent acted in good faith and that the company ratified the acts of the agent in so far as his acts exceeded his authority.

**4.—Trial—Uncontradicted Testimony—Contrary Verdict.**

A jury is not bound to believe a witness although his testimony is not directly contradicted by any other witness, especially so when there is testimony tending to show that his testimony was not true.

**5.—Fire Insurance—Defense—Burden of Proof.**

The burden of proof is on the insurance company to prove that it would not have issued a policy of insurance on certain property had the facts concerning the ownership and location of the property been known.

Appeal from the District Court of Henderson County.   Tried below before Hon. B. H. Gardner.

*Alexander, Hogsett & Gresham,* for appellant.—The court erred in overruling defendant Insurance Company's general demurrer to plaintiffs' first amended original petition.   German Ins. Co. v. Everett, 36 S. W., 125; Commercial Union Assurance Co. v. Dunbar, 26 S. W., 628; Alamo Fire Ins. Co. v. Davis, 45 S. W., 604; Continental Fire Association v. Bearden, 69 S. W., 982.

It was the duty of defendant Insurance Company's local agent, H. L. Parsons, to inform his principal, the defendant Insurance Company, of facts known to him which were inconsistent with the terms of the policy of insurance issued by said agent to plaintiffs.   Hibernia Ins. Co. v. Malevinsky, 24 S. W., 806; Continental Fire Ins. Co. v. Norris, 70 S. W., 769: Franklin Fire Ins. Co. v. Bradford, 55 L. R. A., 408; Hanover Fire Ins. Co. v. Ames, 39 N. W., 300; Continental Ins. Co. v. Clark, 100 N. W., 524.

The court erred in submitting to the jury the question as to whether or not this defendant would have issued the policy or would have canceled the same and not incurred any liability thereunder had its agent, the defendant H. L. Parsons, made it known to this defendant that the property consisted of a country dwelling and the household and kitchen furniture contained therein, and that the same was not owned·in fee simple by the said R. L. Chapman, and that he was not the sole and un-.conditional owner of the same, but was one of the executors of the estate of his deceased father, for the reason that there was no issue of fact upon this proposition, and the uncontradicted evidence in the case showed that this defendant would not have issued said policy and would not have incurred any liability thereunder had said facts been made known to it by its agent, the defendant Parsons.   Denham v. Trinity County Lbr. Co., 73 Texas, 78; Gulf, W. T. & Pac. Co. v. Cornell, 84 Texas, 541; Joske v. Irvine, 91 Texas, 574; Merchants & Traders Ins. Co. v. Rion, 62 S. W., 44.

A principal will not be held to have ratified the unauthorized act of its agent unless the principal is shown to have had full and true knowledge of all the facts at the time it is claimed to have ratified the same. Godfrey v. New York L. Ins. Co., 73 N. W., 1; Northern Assur. Co. v. Goelet, 65 N. Y. Supp., 403; Johnson v. North British Ins. Co., 63 N. E., 610; McLeary v. Ins. Co., 32 S. W., 583; Continental Ins. Co. v. Cummings, 81 S. W., 705.

*Faulk & Faulk* and *Richardson, Watkins & Richardson,* for appellees.

RAINEY, CHIEF JUSTICE.—R. L. Chapman and Zilla Chapman, as executors of the estate of James A. Chapman, brought this suit against the Insurance Company, appellant, to recover $1200 loss under a fire

insurance policy covering a residence, household and kitchen furniture that had been destroyed by fire.

The appellant plead the general demurrer, general denial and, specially, (1) That the interest of the assured was not truly stated in said policy of insurance, as was required by its terms; (2) that the assured, in said policy named, was not the sole and unconditional owner of the property, as required by the terms of said policy; (3) that the subject of insurance was a building on ground not owned by the assured in fee simple, as required by the terms of the policy; and further asked that H. L. Parsons, its agent, be made a party and for judgment over against him·in the event a recovery was had against it, alleging, in effect, that said property was insured in the name of R. L. Chapman when it belonged to the estate of James A. Chapman; that it was in the country and on the prohibited list, and if Parsons knew these facts he failed to perform his duty in not reporting such fact to the company.

Parsons plead ratification and acquiescence in his said acts by said company by receiving from him the premium after knowing all the facts.

A trial resulted in a verdict for appellees. Judgment was rendered accordingly, and the Insurance Company appeals. The first assignment of error presented, also submitted as a proposition, is as follows: "The court erred in overruling defendant Insurance Company's general demurrer to plaintiff's first amended original petition, for the reason that said petition nowhere states that plaintiffs were the owners of said property and in possession of the same both at the time of the issuance of the policy of insurance and at the time of the fire, and said petition nowhere states that they were in possession and control of the same as executors of the estate of J. A. Chapman, deceased, both at the time of the issuance of the policy and at the time of the fire."

The petition alleged: "Plaintiffs would respectfully show to the court that while said insurance policy was issued to and in the name of plaintiff, R. L. Chapman, plaintiff herein; that the same was in fact applied for and intended by him for the use and benefit of said estate of the said James A. Chapman, deceased, and upon property so held and controlled by himself and Zilla Chapman, his co-plaintiff herein, as executors of the said James A. Chapman, deceased, and owned by the said plaintiff herein and the other children and heirs of James A. Chapman, deceased; which facts were at the time known to the agent of the said defendant when taking out said insurance aforesaid. That since said policy was executed, on, towit, the 3rd day of April, 1909, the said building mentioned in the said policy, together with all the contents therein contained, was completely destroyed by fire."

There was no error in overruling the general demurrer as the petition states a good cause of action, and is not subject to such an exception. Northwestern Nat. Ins. Co. v. Woodward, 18 Texas Civ. App., 496 (45 S. W., 185); McBride v. Puckett, 66 S. W., 242; Pennsylvania F. Ins. Co. v. Jameson, 73 S. W., 418.

Appellant's second assignment of error is that "the court erred in its

general charge to the jury in directing a verdict against defendant Insurance Company in favor of plaintiffs herein for the reason that the pleadings and evidence in the case failed to show such ownership and possession of the property described in the policy of insurance, both at the time of the issuance of the policy and at the time of the fire, as would entitle plaintiffs to recover herein."

The evidence shows that the policy was issued in the name of R. L. Chapman. The property belonged to the estate of James A. Chapman, deceased. By his will his property was not to be divided until his youngest child reached maturity, there being several children, and R. L. Chapman, his son, and Zilla Chapman, his widow, were made executors and had possession of and lived on the property with the other children. These facts were known to and fully understood by H. L. Parsons, the company's local agent, when the policy was issued to R. L. Chapman, each of whom acted in good faith.

The agent knowing when he issued the policy in the name of R. L. Chapman that it was owned by the estate of James A. Chapman, deceased, and that it was held by R. L. Chapman as one of the executors, and not as a sole owner, constituted a waiver by the company of sole ownership, and it is in no attitude to interpose such a defense. Continental Ins. Co. v. Cummings, 98 Texas, 115; Crescent Ins. Co. v. Camp, 71 Texas, 503.

On the phase of the case relating to the liability of H. L. Parsons for failure to make a true report of the facts as to the condition of sole ownership of the property, the appellant complains of the court for not instructing a verdict for it for the amount found against it in favor of Chapman.

The evidence shows that Parsons, at the time he issued the policy, believed it was proper and right to issue it in the name of R. L. Chapman who was in possession of and controlling said property, which he was in fact doing, as the other executor, Mrs. Zilla Chapman, left its sole management to him; Parsons not thinking of any legal obstacle that would affect its validity. In the blank reports furnished him by the company on which to report to the company the issuance of policies, etc., there was no instruction as to whose name policies covering property belonging to an estate should be written in.

The insurance of property situated in the country was listed as prohibited, but it was shown that risks in such property were taken when it was of value greater than $1750, and this property was shown to be of greater value; besides, Parsons had shown in his report that the premises were situated in the country, and the company made no objection on this score. The issue whether or not the company would have consented to the risk on estate property was submitted to the jury and they found that it would have. The evidence further shows that after the fire, and after learning all the facts connected with the ownership of the property, the company received from Parsons the premiums which he had collected for the policy, and retained the same. The evidence,

we think, fully warrants a verdict in Parsons' favor and the assignment is overruled.

It is contended by appellant that as one, Dawson, chief examiner of the company, and the only witness who testified directly on this point, had testified that had the true facts as to ownership been reported to the company the risk would not have been approved, but the policy would have been ordered canceled, the court erred in submitting that issue to the jury. While it is true that Dawson was the only witness who swore positively that the risk would not have been accepted by the company had the true facts of ownership been known to it, the jury were not bound to believe him, especially as there was other testimony tending to show his testimony was not true. (Hobart Nat. Bank v. Fordtran, 122 S. W., 413; McCormick v. Kampmann, 109 S. W., 492, and cases there cited.) The evidence shows that the company did insure country residences under certain restrictions, but there is nothing to show that property of an estate was prohibited except the testimony of Dawson. Parsons had received no such instruction; estate property was not in the prohibited list, and it was shown that at the time of trial the other property not burned still remained covered under the policy that had theretofore been issued by appellant. There was no error in the court charging as complained of, as it was essential for the company to prove that the risk would not have been accepted had it known of the true ownership. Continental Fire Assn. v. Norris, 30 Texas Civ. App., 299.

There are other assignments of error, but none, in our opinion, are well taken, and the judgment is affirmed.

*Affirmed.*