## SMITH v. STEWART *et al.*

### No. 812.    Opinion Filed May 9, 1911.

#### (116 Pac. 182.)

1. **CUSTOMS AND USAGES—Pleading—Necessity.** As a general rule, a local custom or usage or a custom or usage applying to a special or particular class of business may not be made the basis of recovery in an action, unless such custom or usage is pleaded by the party relying on it; and the exclusion of evidence to establish such usage or custom, in the absence of its having been pleaded, is not error.

2. **APPEAL AND ERROR—Review—Insufficiency of Evidence.** On appeal this court will not consider and weigh conflicting evidence; and, where there is evidence reasonably tending to support the verdict of the jury, the same will not be disturbed.

(Syllabus by the Court.)

*Error from Lincoln County Court; Fred A. Wagoner, Judge.*

Action by E. T. Smith against O. E. Stewart and the Stewart Cotton Company. Judgment for defendants, and plaintiff brings error. Affirmed.

*John J. Davis* and *Charles B. Wilson, Jr.,* for plaintiff in error.

*Malcolm D. Owen* and *George A. Neeley,* for defendants in error.

HAYES, J. This proceeding in error is brought to reverse a judgment of the county court of Lincoln county. Plaintiff in error, who was plaintiff below, alleges in his bill of particulars or petition in that court as his cause of action that he made a parol contract with defendant to buy cotton for him during the seasons of 1907-08; that defendant under the terms of said contract bought 200 bales of cotton at the current market price and delivered them to plaintiff on the cars at Wellston, Okla., to be shipped to the compress at Weleetka. He alleges that by the terms of the contract he was to pay the freight on the cotton from Wellston to Weleetka, but that defendant guaranteed the weights at the compress at Weleetka. He further alleges that

three shipments of cotton under this contract were made, in which there was a shortage of weights; that the first shipment consisted of 50 bales, shipped on the 27th day of September, 1907; that this shipment overweighed at the compress the weights of defendant. The overweight of this shipment was 92 pounds. The second shipment was made on October 15th following, and consisted of 50 bales, and it underweighed at the compress the weights of defendant to the amount of 518 pounds. The third shipment made on October 22d consisted of 100 bales, and it underweighed at the compress 1,891 pounds. For each of these shipments defendant drew his draft for the amount thereof at the price agreed upon at his weights, which drafts were paid by plaintiff. Plaintiff thereby paid defendant the sum of $209.90 in excess of the value of the cotton, measured by the weights at the compress; and it was to recover this amount that plaintiff brought this action. The verdict and judgment of the lower court were for defendant.

To reverse the cause, two assignments of error are urged. The first to be considered is the rejection of certain testimony offered by plaintiff; and the second is that the verdict is contrary to the evidence. Defendant denied that any contract was made whereby he guaranteed the weights at the compress, and contends that the contract between them was that he should be settled with at his weights; and, in the event there should be at any time sufficient discrepancy between his weights and the weights at the compress to make any material difference in the value of the cotton, he should receive notice of such difference, whereupon the cotton should be reweighed in his presence, and a settlement then agreed upon. Plaintiff in the introduction of evidence in chief sought to establish a specific agreement with defendant to guarantee his weights at the compress. In reply defendant introduced evidence denying that any such contract had been made, and supporting his contention that his weights were to be the basis of settlement, unless he was notified of material discrepancies between them and the compress weights, so that he might have an opportunity to have the cotton reweighed in his presence,

and a settlement for the loss be agreed upon. His testimony tends to establish that the contract was as contended for by him, and further establishes that no notice of any shortage in weights was given in time for him to have the cotton reweighed in his presence, all claim therefor having been made after the cotton or a part thereof had been shipped out from the compress. In rebuttal, plaintiff offered to prove that it was the custom among cotton dealers in that locality to guarantee the weights at the compress. He did not offer such testimony in explanation of any ambiguous terms in the agreement made between him and defendant. His counsel stated that in offering same it was offered for the purpose of supplementing the evidence already offered to establish that such a contract was made, thereby attempting to make such usage or custom, if it existed, the basis of his recovery. There are probably several reasons why this evidence was not properly admissible under the state of the case at the time it was offered.

A sufficient reason is that it is generally the rule that, before a local custom or a custom or usage applying to a special or particular class of business may be made the basis of recovery, it must be pleaded by the party relying on it. *Harnett v. Holdredge,* 5 Neb. (Unof.) 114, 97 N. W. 443; *First National Bank of Hastings v. Farmers' & Merchants' Bank,* 56 Neb. 149, 76 N. W. 430; *Mobile Fruit & Trading Co. v. Judy & Son,* 91 Ill. App. 82; *Norwood v. Insurance Co.,* 13 Tex. Civ. App. 475, 35 S. W. 717; *Oriental L. Co. v. Blades L. Co.,* 103 Va. 730, 50 S. E. 270; 22 Encyc. of Plead. & Prac. p. 406. Some courts have recognized exceptions to the general rule, but it is not necessary to notice them here. Plaintiff by his petition, as well as by his evidence in chief, gave notice to defendant that he was basing his right of recovery only upon a specific contract guaranteeing the weights. It would be manifestly unfair to a defendant, who had prepared to meet his case upon this issue, to permit plaintiff in rebuttal to introduce evidence establishing not a specific contract, but one created by the existence of a local custom or usage of which the party had knowledge and with reference to which they were pre-

sumed to contract. No effort was made to amend the pleadings so as to bring such facts within the issue of the case.

We have carefully read the entire voluminous record of the evidence, and cannot say that there is not evidence reasonably tending to support the verdict. The agent of plaintiff, through whom plaintiff dealt with defendant, testifies that he had a specific agreement with defendant that the weights of the first shipment of cotton should be guaranteed at the compress; but he testifies to no specific agreement as to the subsequent shipments, nor to any general agreement the terms of which bound defendant to guarantee the weights. There was no shortage in the weights of the first shipment; that shipment having weighed at the compress more than defendant's weights. The testimony of defendant, on the other hand, is that there was never any agreement as to any of the shipments that he should guarantee the weights as contended for by plaintiff, but that payments and settlement should be made as above stated, and the cause was submitted to the jury upon this theory under instructions to which no exception was taken.

It therefore follows that the second assignment of error also cannot be sustained, and the judgment of the trial court is affirmed.

All the Justices concur.