(83 Misc. Rep. 130.)

CONDON v. EXTON–HALL BROKERAGE & VESSEL AGENCY.

(Supreme Court, Appellate Term, First Department. December 16, 1913.)

INSURANCE (§ 83*) — CANCELLATION OF POLICY — FAILURE TO CANCEL — LIA-
BILITY OF AGENT.

 Where defendant's only connection with a fire policy was to apply for it for the owner to plaintiff's assignor, and defendant was afterwards requested by such assignor's general agent to have the policy canceled, which defendant proceeded to do, it was not liable to plaintiff in damages for failure to have it promptly canceled; defendant not being the agent of plaintiff's assignor or the agent of the insured for the purpose of receiving notice of cancellation, and not in fact being bound to do even what it did.

 [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 107–110; Dec. Dig. § 83.*]

Appeal from City Court of New York, Trial Term.

Action by John T. Condon against the Exton-Hall Brokerage & Vessel Agency. From a judgment of the City Court for plaintiff

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(142 N. Y. Supp. 548), defendant appeals.   Reversed, and complaint dismissed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Coudert Bros., of New York City, for appellant.

Carmody & Carswell, of New York City (Francis X. Carmody, of New York City, of counsel), for respondent.

SEABURY, J.   Plaintiff, as assignee of four insurance companies, sues for damages for defendant's failure to cancel a certain policy of fire insurance, issued by the aforesaid companies upon a certain vessel, the property of one C. O. Walsingham.   The defendant, on behalf of C. O. Walsingham, applied to plaintiff's assignors for a policy of fire insurance on a boat owned by Walsingham, and the plaintiff's assignors issued a policy thereon for $2,000.   The policy was in the New York standard form and contained the standard cancellation clause, as follows:

"This policy shall be canceled at any time at the request of the insured or by the company, by giving five days' notice of such cancellation.   If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been paid, the unearned portion shall be returned on surrender of this policy before last renewal."

On November 8, 1911, the plaintiff's assignors, through their general agents, Crum & Forster, directed the defendant by letter to cancel this policy, requesting prompt action in the matter.   The letter is as follows:

"November 8, 1911.

"The Exton-Hall Brokerage & Vessel Agency, 64 Wall Street, N. Y. City— Gentlemen: Referring to line we recently bound for account of O. O. Walsingham on gasoline boat Minnesota, we regret to advise that after further consideration we prefer to be relieved of liability and will thank you to replace our line.   We understand that the boat is lying idle, tied up to a railroad dock, and under the circumstances we prefer to give the company the benefit of the doubt by canceling our contract.   Kindly give this your usual prompt attention, and in the meantime consider this letter in lieu of the usual five days' notice of cancellation, and oblige,

"Yours very truly,          Crum & Forster, General Agents."

On November 10, 1911, the defendant advised plaintiff's assignors by letter that it had ordered the policy canceled, saying:

"We have ordered the cancellation of your policy, and as soon as received will return same to you."

The defendant wrote to the Insurance Agency Company of St. Louis, from which company it received the application originally, and said, among other things:

"Please return the above policy and we will place the amount for you elsewhere."

On November 22d or 23d the boat was destroyed by fire.   On February 12, 1912, plaintiff's assignors, after due notice thereof, paid the loss to the insured.   The premium, $51, was paid December 30, 1911, leaving a loss to the insurance companies of $1,949.

To hold the defendant liable in this case, it must appear that it was the agent of the plaintiff's assignors and that it was negligent in the manner in which it assumed to discharge its duty. The evidence does not show that the defendant was the agent of the plaintiff's assignors, but, on the contrary, shows very clearly that the defendant had been employed by the Insurance Agency of St. Louis to place the insurance with the plaintiff's assignors on behalf of Walsingham. The plaintiff's assignors charged Crum & Forster with the duty of securing a cancellation of the policy, and instead of so doing Crum & Forster wrote to the defendant, stating that they preferred "to be relieved of liability and will thank you to replace our line." The defendant then communicated without delay with the Insurance Agency of St. Louis, from whom it had received the original application for insurance.

We see no good reason for charging this defendant with the failure of Crum & Forster to effect a cancellation of the policy. The defendant was not the agent of the plaintiff's assignors, and it was not the agent of the insured for the purpose of receiving notice of the cancellation of the policy. The defendant did more than it was required to do. It was under no obligation to the plaintiff's assignors to take any action in the matter, but when it received the notice from Crum & Forster it promptly transmitted it to the Insurance Agency, from which it had received the original application for insurance. Under no circumstances can the defendant be regarded as under a greater duty than that which is imposed upon a gratuitous bailee. In assuming to transmit the message which it had received from Crum & Forster, it did not constitute the Insurance Agency of St. Louis its agent, for whose failure to notify the insured it would be answerable in damages. Not being the agent of the plaintiff's assignors, and not having assumed any obligation in the premises greater than that of a gratuitous bailee, the defendant cannot be held liable for the failure of Crum & Forster, the agents of the plaintiff's assignors, to give notice to the insured, nor can it be held liable for the failure of the Insurance Agency of St. Louis to give notice to the insured.

Strictly speaking, no contractual relation existed between the plaintiff's assignors and the defendant, and in treating the defendant as if it occupied the position of a gratuitous bailee we view the case in its most favorable aspect to the plaintiff. Moreover, we think that the record is barren of any evidence sufficient to charge the defendant with any act of negligence. The gist of the matter seems to be that the plaintiff's assignors undertook through their agents, Crum & Forster, to bring about a cancellation of the policy under the terms of the cancellation clause, and, having been held liable upon that policy by reason of the failure of Crum & Forster to secure a cancellation of the policy, they now seek to transfer the loss which has fallen on them to one who was the agent of the insured merely for the purpose of securing insurance.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.