MARYLAND CASUALTY CO. v. F. B. HUNTER & CO.

Western Section. July 31, 1928.

Petition for Certiorari denied by Supreme Court, January 12, 1929.

Klewer, Gailor & Exby, of Memphis, for appellant.
R. L. Bartels, of Memphis, for appellee.

HEISKELL, J. This is a suit by the Maryland Casualty Company to recover from Frank B. Hunter & Company, Incorporated, $1985 upon the theory that complainant sustained this loss by reason of the conduct of the defendant while acting as its agent in regard to a certain policy of burglary insurance.

The bill charged that the complainant, Maryland Casualty Company, was engaged in the insurance business in the State of Tennessee, and that the defendant Frank B. Hunter & Company, Incorporated, was a duly licensed insurance agent and broker in the State of Tennessee; that in December, 1920, J. L. McTyier applied to Frank B. Hunter & Company for a burglary insurance policy in the sum of one thousand dollars, which Frank B. Hunter & Company obtained from complainant, and delivered to McTyier. That on January 22, 1921, the said J. L. McTyier filed a voluntary petition in bankruptcy, and on February 8, 1921, Gussie McTyier, the wife of J. L. McTyier, bought from the trustee in bankruptcy, the stock of goods covered by said burglary insurance policy; that after the bankruptcy, and before February 8, 1921, the said McTyier notified Frank B. Hunter & Company of the filing of the petition in bankruptcy, and on February 8, 1921, the said Gussie McTyier acting through her husband, advised the defendant that she had acquired ownership of the stock of goods, and requested of the defendant an assignment of the policy to her, and that on said date, the defendant assured her that it accepted notice of the assignment and that no new policy need be written, and that the policy theretofore executed and delivered to J. L. McTyier was still in force.

The bill further alleged that on February 17, 1921, goods to the amount of $899.24 were stolen from the premises where the stock of goods was kept, and that on February 27, 1921, additional goods of the value of $632.30 were stolen; that the policy contained certain clauses prohibiting the assignment of same without the written consent of the company, and provided against a waiver unless the waiver was endorsed on the policy and signed by the president, one of the vice-presidents, or the secretary of the company, and that notice or knowledge by any agent or any other person could not be held to waive the terms or conditions of the policy. The bill then alleged that after the losses above mentioned

Mrs. Gussie McTyier, sued the complainant herein in the chancery court of Shelby county, Tennessee, to recover on said policy; that the complainant herein set up as a defense, among other things, that the defendant Frank B. Hunter & Company was not its agent, and was a broker, and that it had no authority to consent to the assignment of the policy from J. L. McTyier, to Mrs. Gussie McTyier, nor to waive any of the conditions in the policy, and that the company had not consented to any assignment. The suit resulted in a final decree in favor of Gussie McTyier for one thousand dollars, which judgment on appeal to the Supreme Court was affirmed, the opinion in said cause being reported in 150 Tenn., page 691.

The bill further alleged that the particular point litigated in said cause was whether or not the defendant was the complainant's agent, Mrs. Gussie McTyier contending in that suit that the defendant was the complainant's agent by virtue of the provisions of section 1 of chapter 442 of the Acts of 1907, which is as follows:

"That any person who shall solicit an application for insurance shall in all matters relating to such application and the policy issued in consequence thereof be regarded as an agent of the company issuing the policy, and not the agent of the insured, and all provisions in the application and policy to the contrary are void and of no effect whatever; provided, this act shall not apply to licensed fire insurance brokers."

The bill further charges that in said suit the Supreme Court held that Frank B. Hunter & Company was, with respect to the application for insurance and the policy issued in consequence thereof, the agent of the Maryland Casualty Company, and the defendant in that suit and the complainant in this suit, was bound by the acts of its agent, Frank B. Hunter & Company; that Frank B. Hunter & Company had notice of the pendency of the said suit of Gussie McTyier, having been a party thereto, and that Frank B. Hunter, an officer of the defendant corporation, was present at the trial and tesified as a witness.

The bill charged, therefore, that the defendant Frank B. Hunter & Company was, with reference to said insurance, the agent of the complainant herein, and owed to it the duties lawfully owed by an agent to its principal, and yet, notwithstanding the duties owed to the defendant by the complainant, and notwithstanding that the defendant had actual notice of the bankruptcy of J. L. McTyier, and notwithstanding the defendant knew that the bankruptcy of the original insured made the policy void, and notwithstanding the defendant knew that it had no express authority to assent to an assignment of the policy, and notwithstanding that the defendant assented to the assignment of the policy from J. L. McTyier to

Mrs. Gussie McTyier, the defendant failed to notify the complainant of the change in circumstances in the risk, that defendant assented to an assignment of the policy in a manner contrary to the terms and provisions thereof and contrary to the usual practice and customs of insurance companies, which the defendant well knew. The bill further charged that the complainant had no notice of the foregoing facts and circumstances, until after the second loss, and that if it had been notified, it would have ordered a cancellation of said policy and that by reason of the breaches of duty by the defendant to the complainant, the complainant was compelled to pay out the total sum of $1985.60. The prayer of the bill was for a decree against the defendant for the $1985.60, with interest thereon.

By way of answer, Frank B. Hunter & Company interposed the following defenses:

1. A general denial of the material allegations of the bill.

2. That Hunter & Company were not the agents of the Maryland Casualty Company, either general or special, and owed no duty to it.

3. That Hunter & Company were not negligent in failing to notify the Company of the change of ownership with respect to the insured property; and that even if Hunter & Company should be treated as agents in the ordinary sense of the Maryland Casualty Company, no duty owing had been breached.

4. That in the original suit brought upon the policy by McTyier, the main, if not the only defense, of the Maryland Casualty Company was that Hunter & Company were not in any sense the agents of the Company; did not act or undertake to act for it and had no authority, express or implied, to act in its behalf.

That, by virtue of this insistence, solemnly made, in a judicial proceeding, both by pleading and sworn testimony, the Maryland Casualty Company, under the doctrine of judicial estoppel, cannot in this suit, maintain that Hunter & Company were their agents.

5. Conceding, for the sake of argument only, that Hunter & Company were the agents of the Maryland Casualty Company in the ordinary sense, and that as such agents, they owed a duty to the Maryland Casualty Company to advise it of its knowledge and consent as to change of ownership of property covered by the McTyier policy, yet, the Maryland Casualty Company was, as a matter of fact, subsequently advised of such change in ownership, and that it, thereafter ratified the conduct of Hunter & Company in assenting to the change.

6. That if Hunter & Company were to be treated as agents, owing a duty to their principal, to advise and report relative to change

in the ownership of the insured property, that such duty was owing, not to the Maryland Casualty Company, with whom there was no privity, but to Henderson & Schley, the General Agents of the Maryland Casualty Company in Memphis, who are to be treated as having appointed Hunter as sub-agent, no authority, express or implied, having been given by the Maryland Casualty Company to Henderson & Schley to appoint a sub-agent.

The Chancellor dismissed the bill, and the Maryland Casualty Company has appealed to this court.

Under the assignments of error two material questions are submitted to this court for determination. (1) Was F. B. Hunter & Company by virtue of the Act of 1907, chapter 422, and the opinion of the Supreme Court in Maryland Casualty Co. v. McTyier, 150 Tenn., the agent of complainant in regard to said McTyier's policy, in such sense as to become liable to the complainant under the ordinary principles of agency. (2) Is complainant precluded from asserting such agency, by its denials in the former suit that Hunter & Company was its agent or had authority to act as its agent in regard to the policy in question.

There is no dispute as to the facts upon which these questions depend. It is conceded that F. B. Hunter & Company was an insurance broker, merely in regard to the McTyier policy, that it had no authority from any one to act as the agent of the complainant and that no relation of principal and agent existed between the complainant and the defendant by virtue of any contract. The sole contention of the complainant is that the Act of 1907, chapter 442, as construed by the Supreme Court in the McTyier case necessarily created this relation of agency with all its attendant obligations and responsibilities.

In the McTyier case the court did not hold that F. B. Hunter & Company became as to the policy in question the agent of the Casualty Company in the ordinary sense, but only in the sense that as to the insured the knowledge and conduct of defendant was by virtue of the statute effective to bind the insurance company. In that case at page 700 the court speaking of the Act of 1907 says:

"It seems to be designed in the clearest manner, to make the Company responsible to the public for the acts of one whom it permits to solicit insurance on its behalf, etc., whether such person has, in fact, authority to act for it or not. The law imposes upon the Company the duty of seeing to it that none but its regular authorized agents shall do its business or deal with the public."

A similar statute to the one construed and applied in the above case (Act of 1907, chapter 442) has been construed by the Supreme

Court of Oklahoma in Aetna Life Ins. Co. v. Kramer, 65 Okla., 165 s. c. 165 Pac., 179. In that case the Aetna Company sued Kramer Brothers, who, strictly speaking, were insurance brokers, and who had procured for their respective clients, through the general agents of the Insurance Company, certain policies. The suit was to recover moneys due on account of premiums for the policies issued, the Aetna proceeding upon the theory that Kramer Brothers were its agents under a verbal appointment made by its general agent, and of course, claimed that, being their agents, they owed to the Aetna Insurance Company the duty of accounting. Kramer Brothers denied that they were agents but said they were mere brokers, and that they had settled with the general agent of the plaintiff for such policies as they, as brokers, had procured.

The Aetna Insurance Company sought to hold Kramer Brothers liable as their agents, by virtue of a statute which so far as material, is as follows:

"Any person who, for compensation, solicits insurance on behalf of an insurance company, or transmits for a person other than himself an application for a policy of insurance to or from such company, or offers or assumes to act in the negotiation of such insurance, shall be an insurance agent . . . and shall thereby become liable for all the duties, requirements, liabilities and penalties to which an agent for such company is subject."

The court, in disposing of the matter, and holding that Kramer Brothers were not to be treated as agents, in the sense that they owed any duty to the Insurance Company, said:

"There are only two issues presented by the pleadings . . . First, as to whether or not defendants were as a matter of law agents of the plaintiff at the time complained of. . . . Plaintiff contends that as a matter of law, the defendants, Kramer Brothers, were the agents of the plaintiff under and by virtue of the statutes of the State regulating Insurance Companies, and particularly section 3431, Revised Laws (above quoted). . . .

"It is our view that the statutes relied upon by the plaintiff do not support its contention, and were enacted by the State not for the protection and regulation of the intercourse of insurance companies and their agents, or to fix their contractual relations, but for the protection of the insuring public. . . . As between the insured and the company, the defendants were, under the statute quoted, as a matter of law, the agents of the company, but as to the relations of the Insurance Company and its agents the State is not or was not concerned, and their relations would depend upon contract. We, there-

fore, cannot say, as a matter of law, the status of the Insurance Company and their agents as between themselves is fixed by statute, but, on the contrary, we think it is regulated by contract.''

There was more reason for the contention of the complainant in that case than in the present, both in the form of the statute and by reason of the other facts involved.

The Act of 1907 had no purpose to affect the relation of solicitors of insurance and the company issuing the policy as between themselves. This was left to be regulated by contract. It was only intended to apply as between the company and the insured. The statute might have been written with the same meaning without use of the word ''agent.'' It might have provided that where an insurance company accepts the application for a policy tendered by a broker for another, and issues the policy, so far as that policy is concerned the knowledge and conduct of the broker shall bind the company and not the insured. The effect would be the same.

The company cannot complain of this. It need not consider an application for insurance from any one except a regular agent with whom the company is well acquainted, in whom it has implicit confidence, and who can be put under bond if so desired, but if it receives the application and issues the policy it must do so with the understanding that as to the insured, the company will be bound by the knowledge and conduct of the intermediary as if he were an agent of the company.

The complainant insists that there is no estoppel by reason of statements in the McTyier case. There is no dispute as to the position of the company in that suit. The agency of F. B. Hunter & Company was denied in terms as emphatic as the language affords, but complainant says there is no estoppel where the contention in a former suit was a conclusion or an opinion. And there can be no estoppel where the first position was not successfully maintained. Neither of these distinctions apply in the present case. The statement that defendant was not the agent of complainant was a statement of fact—not the expression of opinion. The statement was true except in the limited sense of an agency in invitum imposed by the statute. But now complainant is contending for an agency in the broad general sense denied in the former suit. Nor did the court in the McTyier case hold against the position of complainant that the defendant was not authorized to act as agent. This was assumed, and the knowledge of the broker was attributed to the company solely by virtue of the Act of 1907. Even now we do not understand complainant to contend for a recovery unless the statute had the effect to make Hunter & Company the agent of

the company in that transaction, not only as to the insured, but also as to the company and unless it created an agency of the usual and ordinary sort, as if by contract and with all the duties and obligations incidental thereto as between principal and agent.

In addition to the questions already discussed, it is contended for the defendant that even if it be conceded that Hunter & Company was the agent of complainant in the ordinary sense, still complainant has not made out a case of liability.

An insurance agent, who is not given positive instructions, may exercise his discretion with respect to matters of his agency, and, if he does so in good faith, he is not liable to his principal. Strong v. Stewart, 9 Heisk., 138 (4); 2 Joyce on Insurance, secs. 667-668; 32 Corpus Juris, p. 1073; Mechem's Agency (2 Ed.), sec. 1244 et seq.

The very nature of the present case precludes the idea of any instructions to Hunter & Company. The relation created by statute could carry with it no instructions from the insurer. There was no contractual relation. Hunter made no report to the company, and received no compensation from it. There is nothing to show that Hunter did not act in good faith.

"The rule is universal that an agent is only held to the exercise of good faith and due diligence. Lee v. Bank, 150 Tenn., 289."

The record fails to show that there was any increase of risk by reason of the change of ownership and when the policy was finally cancelled, it was not on this ground, but because of experience which we take to mean the knowledge of the consecutive losses, which of course followed the conduct of the agent for which the suit is brought. There is some attempt by the witnesses for complainant to say that the risk would not have been accepted if the facts had been known, but they show no instances in which a risk was refused under similar circumstances.

If the assignment of a policy did not increase the risk and no positive instructions were given the agent forbidding it, the failure to notify the insurer did not render the agent liable, even though the company might have canceled the policy had it known of the assignment. Scottish Union Ins. Co. v. Andrews, 40 Texas Civ. App., 184, syl., 4-5 s. c., 89 S. W., 419.

The agent is not liable for not informing the company of facts material to the risk which the court hold his knowledge of, constituted a waiver of a policy prohibition, where the agent acted in good faith, and there was an acceptance of the premium by the company after knowledge of the facts. And the burden rests upon the company to show that it would not have accepted the risk had it known the true facts as to the ownership. Shawnee F. Ins.

524

Co. v. Chapman, 63 Texas Civil App., 61, s. c., 132 S. W., 854. See, also, Winne v. Niagara Fire Ins. Co., 91 N. Y., 185; Norwood v. Alama Fire Ins. Co., 13 Tex. Civ. App., 475, s. c., 35 S. W., 717; Condon v. Exton, 144 N. Y. Supp., 760.

All assignments of error are overruled and the judgment of the lower court is affirmed. Appellant and surety on appeal bond will pay the cost of the appeal.

Owen and Senter, JJ., concur.