ROBERT T. WILLIAMS, Respondent, *v.* NICOLA BALZANO, Better Name Unknown, Appellant.

County Court, Oneida County, April 12, 1935.

*Samuel L. Simons,* for the appellant.

*David J. Goldstein,* for the respondent.

HANAGAN, J. On or about November 4, 1932, the defendant authorized Vincenzo Marrone, an insurance broker of the city of Utica, to procure a policy of insurance covering his Ford truck both as to public liability and property damage. Marrone procured the policy of insurance from the plaintiff, who was an agent for the Continental Casualty Company. The policy was delivered to Marrone by the plaintiff, and in turn delivered by Marrone to the defendant. About three months later, the defendant claims he returned the policy to Marrone for cancellation. Marrone claims that the policy was returned to him by the defendant for the purpose of obtaining an indorsement for a new rate. It appears that the plaintiff procured the indorsement for the new rate, and forwarded the policy to Mr. Balzano by mail.

Regarding the evidence in the most favorable light for the defendant and conceding that he gave notice to Mr. Marrone — his insurance broker — to cancel the policy which Marrone had previously obtained for him, such notice of cancellation was not binding on the plaintiff. It is well settled in this State that a broker who

is employed to secure insurance is the agent of the insured and not an agent of the company. (*Northrup* v. *Piza*, 43 App. Div. 284; affd., 167 N. Y. 578.)

There is nothing in the evidence of any action on the part of the plaintiff in this case that would in any way tend to show that Marrone was an agent of the plaintiff, nor are there any facts from which a general authority to represent it may be inferred. After the delivery of the policy of insurance to the insured by Mr. Marrone, his authority as broker cannot be held to continue in reference thereto. Since the authority of Mr. Marrone terminated when the purpose for which his agency was created had been accomplished, it necessarily follows that the notice of cancellation to Mr. Marrone, employed merely to procure the insurance, is ineffectual to work a cancellation. Any service that he volunteered thereafter was without consideration, and he stood in the position merely as a gratuitous bailee. (*Hermann* v. *Niagara Fire Ins. Co.*, 100 N. Y. 411; *Von Wein* v. *Scottish Union & National Ins. Co.*, 118 id. 94; *Condon* v. *Exton-Hall, etc., Agency*, 83 Misc. 130.)

Judgment of the Justice's Court affirmed, with ten dollars costs.